[No. 7906–6–III.   Division Three.   February 18, 1988.]

RENEE C. OLLIE, ET AL, *Appellants,* v. HIGHLAND SCHOOL
DISTRICT No. 203, *Respondent.*

*Eric Nordlof,* for appellants.

*Michael W. Leavitt* and *Gavin, Robinson, Kendrick, Redman & Pratt,* for respondent.

McINTURFF, C.J.—The superior court found Mrs. Ollie had been terminated for just cause. We reverse and remand for a new trial.

On June 7, 1985, Renee C. Ollie was terminated from her employment as a library aide in Tieton Middle School, Highland School District 203. Mrs. Ollie was covered by a

collective bargaining agreement which provided an employee could be disciplined or discharged for "justifiable cause." Mrs. Ollie filed a grievance for wrongful discharge pursuant to the collective bargaining agreement. The school board denied Mrs. Ollie's grievance.

The trial court, in a de novo review, found Mrs. Ollie was terminated for a number of factors including improper and negative attitude toward staff, degrading the certificated staff in front of students, disobeying district orders, improperly selecting library materials, improper use of work time and improperly keeping a logbook on the activities of other school district personnel. The trial court further found Mrs. Ollie's conduct could not reasonably be corrected.

Prior to the 1984–85 school year Mrs. Ollie received favorable evaluations; but her evaluations for the 1984–85 school year were not favorable. On June 6, 1985, Mr. Jaeger, the principal of Tieton Middle School, confronted Mrs. Ollie and asked her two questions: "Did you keep a logbook?" and "Have you gotten into any of my confidential information?" Mrs. Ollie admitted keeping a logbook; she denied getting into any confidential information.

Mrs. Ollie was presented with the evaluations and given a letter terminating her as of 4 p.m. June 7, 1985. The letter stated she was being terminated upon review of the annual evaluations by Mrs. Jordan, the school's librarian, and Mr. Jaeger; it stated:

> As an aide to the instructional staff at Tieton Middle School, your role needed to be that of supporting, sustaining, aiding, and maintaining a positive atmosphere for the students and staff to work. Much of what has been observed and reported by this staff and by your supervisors indicate that your attitude, behavior and involvement has resulted in just the opposite atmosphere being generated. The staff morale and your effectiveness in working with the certificated staff in the future has seriously been jeopardized.

Before the trial, Mrs. Ollie requested production of performance evaluations of other employees or work records of

other employees. The school district refused to produce the records and a motion to compel discovery was denied. During trial a subpoena requesting certain personnel records of employees other than Mrs. Ollie was quashed.

Under these circumstances, are personnel records of other employees discoverable?

The court denied Mrs. Ollie's motion to compel discovery of written personnel/staff evaluations prepared by Mr. Jaeger and Mrs. Jordan during the periods of their employment with the school district.[1] At trial the court quashed a subpoena duces tecum requesting production of all Highland School District's personnel records where an individual has been disciplined or admonished for job performance or misconduct in the past 5 years.

Highland School District argues the denial of the motion to compel was final since no appeal was taken from the commissioner's ruling denying review. *Gould v. Mutual Life Ins. Co.*, 37 Wn. App. 756, 683 P.2d 207 (1984). *Gould* interprets RAP 17.7, which deals with procedures to object to a ruling of a commissioner, hence, it is not applicable. Generally, denial of discretionary review does not preclude later review. RAP 2.3(c).

Mrs. Ollie contends the records should be discoverable under CR 26(b)(1) to permit proof she received disparate treatment. She asserts federal precedent allows discovery and the Washington public disclosure act, RCW 42.17, does not preclude discovery. Highland School District claims the trial court did not abuse its discretion in disallowing the discovery, and that the material sought was both privileged and irrelevant to the proceeding.

The trial judge, in his oral opinion denying the motion to compel discovery, stated the only basis for the discharge of Mrs. Ollie, according to the affidavit of Mr. Riggin, superintendent of Highland schools, was the fact she was keeping a book on the comings and goings and personal items

---

[1]The Court of Appeals denied the motion to review the Superior Court's ruling.

related to the certificated staff at the Tieton Middle School. Therefore, the trial court reasoned, the evaluations were not relevant to the issue of discharge and were only relevant to the issue of damages if the trial court found insufficient cause for discharge.

■ CR 26(b)(1) permits discovery of any matter, not privileged, relevant to the subject matter involved in the pending action. The rule is designed to permit a broad scope of discovery. *Barfield v. Seattle,* 100 Wn.2d 878, 883, 676 P.2d 438 (1984). A court's determination of relevance is reviewed only for abuse of discretion.[2]

Mrs. Ollie contends discoverability of personnel records is a question of first impression for the Washington appellate courts. She maintains there is guidance, however, because the Supreme Court has stated decisions interpreting the National Labor Relations Act (NLRA), while not controlling, are persuasive in interpreting state labor acts which are similar or based on the NLRA. *State ex rel. Washington Fed'n of State Employees v. Board of Trustees,* 93 Wn.2d 60, 67–68, 605 P.2d 1252 (1980); *Washington Pub. Employees Ass'n v. Community College Dist. 9,* 31 Wn. App. 203, 208, 642 P.2d 1248 (1982).[3]

Highland argues the court had broad discretion regarding discovery; there was no abuse of discretion. Thus, the denial of discovery should be upheld. *Rhinehart v. Seattle*

---

[2]There is an abuse of discretion only if the discretion exercised is manifestly unreasonable, exercised on untenable grounds or for untenable reasons. *Barfield,* at 887.

. [3]*NLRB v. Pfizer, Inc.,* 763 F.2d 887 (7th Cir. 1985), cited by Mrs. Ollie, held a personnel file of a nonbargaining unit employee was relevant to a grievance filed by a bargaining unit employee. Information is relevant if it will be of use to the union in carrying out its statutory duties. *Pfizer,* at 889. A nonbargaining unit employee was fired along with the bargaining unit employee for fighting and the union wanted to show the nonbargaining unit employee's work history was significantly different than the bargaining unit employee's record; that identical punishments were not proper under the company's policy of reviewing an employee's overall work record, and its response to similar infractions, before deciding on punishment. Nor did the company prevail on its argument of confidentiality. *Pfizer,* at 888, 890–91.

*Times Co.,* 98 Wn.2d 226, 232, 654 P.2d 673 (1982), *aff'd,* 467 U.S. 20, 81 L. Ed. 2d 17, 104 S. Ct. 2199 (1984) held under CR 26(c) the trial court exercises broad discretion to manage the discovery process in a manner that will implement the goal of full disclosure of relevant information and at the same time afford the participants protection against harmful side effects. *Rhinehart,* 98 Wn.2d at 228, 232, considered the court's discretion to restrict pretrial publication of information made available through discovery.

Highland also argues the information was privileged under RCW 42.17.310(1)(b), which provides: "Personal information in files maintained for employees, appointees, or elected officials of any public agency to the extent that disclosure would violate their right to privacy" is exempt from public inspection and copying.

Finally, Highland argues the personnel evaluations are not relevant to Mrs. Ollie's claim under *Clark v. Central Kitsap Sch. Dist. 401,* 38 Wn. App. 560, 564, 686 P.2d 514, *review denied,* 103 Wn.2d 1006 (1984). Highland argues whether sufficient cause for discharge exists is a determination based on the facts and circumstances of the case and discipline and evaluation of other persons is not relevant to this determination.

A. Are the evaluations and personnel records privileged?

The purpose of the public disclosure act is to provide a mechanism by which the public can be assured its public officials are honest and impartial in the conduct of their public offices. *In re Rosier,* 105 Wn.2d 606, 611, 717 P.2d 1353 (1986). The public disclosure act requires that all public records be available for inspection and copying under RCW 42.17.270, with certain exemptions listed in RCW 42.17.310. *Cowles Pub'g Co. v. State Patrol,* 109 Wn.2d 712, 719, 748 P.2d 597 (1988).

Under RCW 42.17.310(1)(b) to be exempt the information must be personal information, maintained for employees, disclosure of which would violate the employee's right

to privacy. Information related to an employee's perform-ance is normally maintained for employees. An unreason-able invasion of privacy is a disclosure which is (a) highly offensive, and (b) of no legitimate concern to the public.[4] *Hearst Corp. v. Hoppe,* 90 Wn.2d 123, 135–36, 580 P.2d 246 (1978). The determination is made in light of the statutory caveat that the information must be disclosed even though embarrassing to public officials or others. *Hearst,* at 135–36. Disclosure of the names of officers, their actions while per-forming public duties or improper off–duty actions in pub-lic did not violate the officers' rights to privacy, although disclosure of the officers' names was exempt under another exception, RCW 42.17.310(1)(d). *Cowles,* at 727–28. Retire-ment disability records are not exempt from disclosure and were not subject to deletion of identifying details because release of the records would not cause an unreasonable invasion of personal privacy under the *Hearst* test. *Seattle Fire Fighters, Local 27 v. Hollister,* 48 Wn. App. 129, 137–38, 737 P.2d 1302, *review denied,* 108 Wn.2d 1033 (1987).

---

[4]In 1987 the Legislature amended RCW 42.17 to add a new section which defines an invasion of privacy:

"A person's 'right to privacy,' 'right of privacy,' 'privacy,' or 'personal privacy,' as these terms are used in this chapter, is invaded or violated only if disclosure of information about the person: (1) Would be highly offensive to a reasonable per-son, and (2) is not of legitimate concern to the public. The provisions of this chapter dealing with the right to privacy in certain public records do not create any right of privacy beyond those rights that are specified in this chapter as express exemptions from the public's right to inspect, examine, or copy public records." Laws of 1987, ch. 403, § 2, p. 1547.

New section 1 states that by enacting this act:

"The legislature intends to restore the law relating to the release of public records largely to that which existed prior to the Washington Supreme Court decision in 'In re Rosier,' 105 Wn.2d 606 (1986). The intent of this legislation is to make clear that: (1) Absent statutory provisions to the contrary, agencies possess-ing records should in responding to requests for disclosure not make any distinc-tions in releasing or not releasing records based upon the identity of the person or agency which requested the records, and (2) agencies having public records should rely only upon statutory exemptions or prohibitions for refusal to provide public records. Further, to avoid unnecessary confusion, 'privacy' as used in section 2 of this 1987 act is intended to have the same meaning as the definition given that word by the Supreme Court in 'Hearst v. Hoppe,' 90 Wn.2d 123, 135 [580 P.2d 246] (1978)." Laws of 1987, ch. 403, § 1, p. 1546.

On the other hand, information in job applications which disclosed private and confidential matters pertaining to the applicant's life and past activities were matters of personal privacy, requiring them to be deleted from records prior to public disclosure. *State Human Rights Comm'n v. Seattle,* 25 Wn. App. 364, 369-70, 607 P.2d 332 (1980). Significantly, the trial court enforced the subpoena compelling the production of the job applications, only the issue of a protective order requiring the Human Rights Commission to delete identifying details in the applications prior to public filing was at issue. *State Human Rights Comm'n,* at 366. The protective order was upheld.

■ Here the information Mrs. Ollie requested included personnel evaluations and records of the performance and discipline of other employees which she could use to show disparate treatment and for impeachment. We hold that under RCW 42.17.310, not all the information contained in personnel evaluations and personnel records of school district employees is privileged; information about public, on–duty job performances should be disclosed. Deletion of the employees' names and identifying details would protect the privacy of the employees. Highland has the burden to show information contained in the evaluations is intimate personal information.

B. Were the records relevant?

*Clark,* at 564, held that only evidence relevant on the single issue before the court, whether specified causes for discharge have been sustained by a preponderance of the evidence, would be admissible. Evidence in mitigation is not relevant and should not be admitted. The question of whether discharge is an appropriate sanction is a policy decision left to the school board.

■ Even if under *Clark* the records are irrelevant to Mrs. Ollie's claim of no justifiable cause for discharge, Mrs. Ollie also asserts that the personnel record information was relevant for impeachment. Mrs. Ollie wanted the information to show that evaluations, more or less detailed than

her evaluation, were prepared for other employees, substantiating her claim that the evaluations were contrived to support a predetermined discharge decision. Further, even if the information from the records was not admissible, if it would lead to admissible evidence, it is discoverable.

The records not being privileged in their entirety, unless exempt, should be disclosed. Any privacy interests could be protected by deleting exempt information before release and/or an in camera hearing in which the court determines which records are relevant and what information is privileged.[5] It was an abuse of discretion to deny discovery of relevant, nonprivileged information. This was prejudicial error.

Judgment of the superior court is reversed; this case is remanded for a new trial following adequate discovery.

Pursuant to RCW 2.06.040, the remaining contentions and the court's answers to those contentions, having no precedential value, will not be published.

GREEN and THOMPSON, JJ., concur.

Reconsideration denied April 8, 1988.

Review denied by Supreme Court July 5, 1988.

[5]For example, names and social security numbers could be deleted.