[No. 23425-1-I. Division One. February 26, 1990.]

RONALD N. DELISLE, ET AL, *Appellants,* v. FMC CORPORATION, *Respondent.*

*Paul E. Simmerly,* for appellants.

*Elizabeth J. Bracelin* and *Peterson, Bracelin, Young, Putra, Fletcher & Zeder,* for respondent.

FORREST, J.—Ronald deLisle appeals from the trial court's grant of summary judgment against him on his age discrimination claim.

Ronald deLisle (deLisle) was terminated by FMC Corporation (FMC) from his sales representative position in February 1979. He was then 46 years old. He had worked for

FMC for 28 years and was steadily promoted to new positions. He accepted his final assignment as sales representative for FMC's Washington, Alaska, British Columbia and Alberta sales territory in March 1972. In 1979, deLisle's sales territory was consolidated with the Oregon sales territory. A reduction in FMC's work force ensued. DeLisle was discharged and Al Watkins, then 31 years old, was retained as sales representative for the new territory. He had previously handled the Oregon territory. The territory headquarters was to be relocated from Bellevue, where deLisle was based, to Portland, where Watkins was based. DeLisle's offers to relocate to preserve his job were rejected.

DeLisle presented evidence that his job performance had been satisfactory. For instance, on September 29, 1978, Robert Meyers, deLisle's immediate supervisor, distributed a report entitled "Territory Realignments—Western Region". This report evaluated all western region salesmen. It awarded slightly higher ratings to deLisle than to Al Watkins in most categories. DeLisle's average ranking for 1977 was 5.0, while Watkins was given a lower 5.3. Moreover, in deLisle's final "Performance Rating" prior to his termination, conducted on December 5, 1978, the number "4" was circled, indicating "Performance is above standard". However, deLisle was given 2.5, indicating performance between "satisfactory" and "less than satisfactory", on each of the two performance ratings (dated January 6, 1977, and April 10, 1978) immediately prior to the final rating. Each of these performance appraisals indicated that deLisle had "good potential for further advancement."

Daniel White, general manager of the FMC Food Product Machinery Division, testified during deposition of dissatisfactions with deLisle. Specifically, White testified he was unhappy that deLisle did not know that a client near deLisle's home had purchased machinery from a competitor. He was also unhappy that a significant local client did not yet know of machinery field trials being conducted by

FMC in the area.[1] Robert Meyers, however, believed deLisle was a more seasoned salesperson and opposed his termination.

DeLisle filed an action against FMC in 1981 alleging, *inter alia,* age discrimination. Interrogatories were served on FMC requesting a list of all complaints, lawsuits and administrative proceedings filed against FMC alleging discrimination. FMC refused to produce the requested information, alleging the request was too burdensome. On October 13, 1988, the trial court heard appellant's motion to compel production and issued an order to compel answers. The order required FMC to list all lawsuits alleging age discrimination or wrongful discharge filed in courts of law in the United States from 1977 through 1981 against FMC's food product machinery division.

## Summary Judgment Standard

■■ On an appeal from summary judgment, the appellate court engages in the same inquiry as the trial court, construing the facts and reasonable inferences therefrom most favorably to the nonmoving party to ascertain whether there is an issue of material fact. In a discrimination case, the ultimate issue is the employer's motive. If FMC chose Watkins because he was a better–qualified employee, it is not liable. If, but for his age, deLisle would have been selected, he is entitled to prevail.

As the court stated in *Chipollini v. Spencer Gifts, Inc.,* 814 F.2d 899 (3d Cir.), *cert. dismissed,* 483 U.S. 1052 (1987):

> The issue of the defendant's intent at the time of the plaintiff's discharge is clearly a factual question. The Supreme Court recently reaffirmed Lord Justice Bowden's treatment of the problem a century ago:
>> "The state of a man's mind is as much a fact as the state of his digestion. It is true that it is very difficult to prove

---

[1]DeLisle explained in his declaration in opposition to summary judgment that the competitor's machinery was purchased because FMC had not yet made available the necessary conversion kit. He also alleged that local customers were, in fact, notified of FMC's machinery field trials.

what the state of a man's mind at a particular time is, but if it can be ascertained it is as much a fact as anything else." *Edgington v. Fitzmaurice*, 29 Ch. Div. 459, 483 (1885).

[*United States Postal Serv. Bd. of Governors v.*] *Aikens,* 460 U.S. [711] at 716–17, 103 S.Ct. at 1482–83 [(1983)]. Thus, by pointing to evidence which calls into question the defendant's intent, the plaintiff raises an issue of material fact which, if genuine, is sufficient to preclude summary judgment.

Intent may be proved by circumstantial evidence. Indeed, in discrimination cases it will seldom be otherwise; employers infrequently announce their bad motives orally or in writing.

The issue at trial would be FMC's motive in selecting Watkins. The issue on summary judgment is, on the facts before the court, could *a reasonable judge or jury find FMC acted with an illegal motive*? The plaintiff has no burden of persuasion at this point. Plaintiff's task is to show by argument from the evidence that a reasonable trier of fact could (but not necessarily would) draw the necessary inference.

 FMC urges that a different rule applies to summary judgment in a discrimination case. Specifically, it urges that on the defendant's summary judgment motion, the employee bears the burden of persuasion, citing *Grimwood v. University of Puget Sound, Inc.*[2] and *Loeb v. Textron, Inc.*[3] We disagree. *Loeb* was an appeal from a jury verdict for the employee and discusses at length the plaintiff's ultimate burden of persuasion. It does not address summary judgment issues. Three federal circuits, however, have explicitly applied traditional summary judgment standards in age discrimination cases.[4] Indeed, as emphasized in

---

[2]110 Wn.2d 355, 753 P.2d 517 (1988).

[3]600 F.2d 1003 (1st Cir. 1979).

[4]*Oxman v. WLS–TV*, 846 F.2d 448 (7th Cir. 1988); *Hillebrand v. M–Tron Indus., Inc.*, 827 F.2d 363 (8th Cir. 1987), *cert. denied,* 488 U.S. 1004 (1989); *Chipollini v. Spencer Gifts, Inc.*, 814 F.2d 893 (3d Cir.), *cert. dismissed,* 483 U.S. 1052 (1987).

*Hillebrand*[5] summary judgment in favor of employers is seldom appropriate in employment discrimination cases.

*Grimwood* firmly established that the employee bears the burden of persuasion at trial, but not on summary judgment. As the court stated:

> Here, we assume that plaintiff made out a prima facie case. The employer's affidavit articulated legitimate, nondiscriminatory reasons for plaintiff's termination consistent in manner and content with its internal personnel manual. Defendant thus met its burden of production. Plaintiff did not, however, meet his burden to create a genuine issue of fact that defendant's articulated reasons were a pretext for a discriminatory purpose.

*Grimwood,* at 364.

This is a classic summary judgment analysis. The plaintiff's burden is to create an issue of fact, not to carry the burden of persuasion. Summary judgment was affirmed in *Grimwood* because the employer produced extensive evidence of poor performance and failure to rectify previously identified weaknesses. Mr. Grimwood did not challenge the facts, but merely relied on his belief of an underlying discriminatory motive. The court held that such conclusory statements did not create an issue of fact.[6] Likewise, an employer's assertion, "We didn't discriminate against X", would not satisfy the employer's burden of production to raise an issue of fact. We find absolutely no basis for deviating from established summary judgment rules in employment discrimination cases.

### FACTUAL BASIS FOR DISCHARGE

In support of his assertive inference of discriminatory intent, deLisle cites the following:

1. His 18 years of unblemished performance evaluations, promotions, and salary increases;

2. Consistently higher sales and performance ratings than the younger man who replaced him;

---

[5]*Hillebrand v. M–Tron Indus, Inc.,* 827 F.2d at 364.

[6]*Grimwood,* at 359–61.

3. A complete absence of any documented reasons for his termination;

4. An opinion by his immediate supervisor that Mr. deLisle was a superior employee to the younger man who replaced him;

5. An FMC–promised pay raise for him a few weeks before his termination;

6. An FMC–generated report written 3 months before his termination that rated Mr. deLisle ahead of the younger man who replaced him; and

7. FMC's failure to follow its own "Territory Re-alignments—Western Region" report in reducing its work force.

FMC does not factually challenge this evidence. It relies principally on the testimony of Daniel White, general manager of FMC's Food Product Machinery Division, and two performance ratings, dated January 6, 1977, and April 10, 1978, in which deLisle was given 2.5, indicating a performance between "satisfactory" and "less than satisfactory". Mr. White's opinion was based on one previous field visit with deLisle from which he asserts dissatisfaction with deLisle's failure to inform an important potential customer of pending field trials and failure to be aware of a nearby customer's purchase of a competitor's product. The first contention is directly controverted by deLisle's affidavit, which for purposes of summary judgment is taken as correct. The second contention is subject to an explanation by deLisle which, taken as true, makes the matter of minor importance. At deposition, deLisle offered explanations as to the poor performance ratings. They were factually in the record and were properly considered by the trial court in ruling on the motion.

The record as a whole, in particular the opinion of Robert Meyers, deLisle's immediate supervisor, and the sophisticated and elaborate rating of sales managers prepared in connection with the consolidation of territories, precludes summary judgment. At trial, the trier of fact

must evaluate the testimony to decide FMC's true motivation. It should be noted that the consolidation of territories is not alleged to be the act of discrimination. The alleged discrimination is in selecting Watkins over deLisle when, "but for" his age, deLisle was the better qualified candidate. Direct evidence of discrimination is not required.[7] Evidence much more equivocal than this has been held sufficient to defeat an employer's motion for summary judgment and to require submission of the issue to the trier of fact.[8]

## DISCOVERY REQUEST

Although not necessary to our decision, we will comment briefly on deLisle's discovery request since it may possibly arise again in further proceedings.

■ DeLisle claims the trial court erred in limiting the scope of his requests for production, citing CR 33(b)[9] and CR 26(b).[10] Interrogatories may properly seek information which might reasonably be expected to lead to the discovery of admissible evidence.[11] A court's determination of relevant discovery is reviewed only for abuse of discretion.[12]

---

[7]*McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 811, 36 L. Ed. 2d 668, 93 S. Ct. 1817 (1973); *Grimwood,* at 362–63.

[8]*Chipollini v. Spencer Gifts, Inc., supra; Oxman v. WLS–TV, supra; Hillebrand v. M–Tron Indus., Inc., supra.*

[9]"Interrogatories may relate to any matters which can be inquired into under rule 26(b), . . .".

[10]"(1) *In General.* Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, . . .".

[11]*Lurus v. Bristol Labs., Inc.,* 89 Wn.2d 632, 574 P.2d 391 (1978).

[12]*Ollie v. Highland Sch. Dist. 203,* 50 Wn. App. 639, 642, 749 P.2d 757, *review denied,* 110 Wn.2d 1040 (1988).

The trial court is given reasonable discretion in determining how far a party should be required to go in answering interrogatories.[13]

DeLisle originally requested a list of all complaints, lawsuits and administrative proceedings filed against FMC alleging discrimination. The trial court reduced the scope of the interrogatories from all of FMC's operations to just the Food Product Machinery Division and limited the time to 1977 through 1981. We find no abuse of discretion.

Reversed and remanded for trial.

COLEMAN, C.J., and PEKELIS, J., concur.

Review denied at 114 Wn.2d 1026 (1990).

---

[13]*Weber v. Biddle,* 72 Wn.2d 22, 431 P.2d 705 (1967).