[No. 14682-1-III.    Division Three.    January 21, 1997.]

RANDY CLUFF, *Appellant*, v. CMX CORPORATION, INC., *Respondent*.

*David H. Putney* and *Putney Law Offices,* for appellant.

*Kurtis D. Snyder* and *Maltman, Reed, North, Ahrens & Malnati, P.S.;* and *Gary E. Lofland* and *Lofland & Associates,* for respondent.

THOMPSON, J. — Randy Cluff sued CMX Corporation for employment discrimination. The court granted CMX's motion for summary judgment, finding Mr. Cluff failed to present a prima facie case of employment discrimination because he did not establish he had been replaced. Mr. Cluff appeals, claiming: (1) he did not need to show he had been replaced to establish a prima facie case; (2) he had been replaced by existing employees; and (3) factual issues precluded summary judgment. We affirm.

Mr. Cluff is a 45-year-old diabetic. As a result of his diabetes, he also suffers from peripheral neuropathy which

necessitated amputation of his right foot and his left leg below the knee.

In 1988, Mr. Cluff began working in Yakima as a sales manager for CMX. He sold x-ray film and related products. During his employ, he increased CMX's client base by finding new clients and persuading former clients to return to CMX.

In 1993, while Mr. Cluff was on medical leave to have his left leg amputated, CMX began restructuring in order to improve efficiency.

After surgery, Mr. Cluff received a facsimile announcing the corporate reorganization plans for eastern Washington. Yakima deliveries would occur twice a week, the Yakima receptionist position was eliminated, and three employees would cover Mr. Cluff's duties while he was on medical leave. No other changes were announced.

In April 1993, John Van Valey, CMX's Vice President, visited Mr. Cluff in the hospital. He inquired about Mr. Cluff's condition and told Mr. Cluff he was looking forward to his return to work. Mr. Cluff later received a letter from Mr. Van Valey explaining his Consolidated Omnibus Budget Reconciliation Act (COBRA) rights. On July 30, he learned he had been terminated. On August 6, he wrote to CMX requesting an explanation for his termination. On August 13, Mr. Van Valey wrote to Mr. Cluff and explained the termination was the result of a corporate restructuring. The Yakima sales office had closed and Mr. Cluff's position was eliminated. These decisions were made in July or August and were solely economic decisions. The Yakima office is currently open, but employs only service and delivery personnel. The closure of the sales office has increased CMX's revenues by $10,000.

Mr. Cluff requested and received a letter of reference from CMX. The letter listed depressed economic conditions and changes in the medical profession as the reason for the Yakima office closure and his termination.

Mr. Cluff filed a complaint against CMX for employment discrimination. On December 5, 1994, CMX filed a

motion for summary judgment. CMX argued (1) Mr. Cluff failed to establish a prima facie case of discrimination, and (2) CMX had a nondiscriminatory business reason for terminating Mr. Cluff. On February 3, 1995, the motion for summary judgment was granted. In its oral ruling, the court stated Mr. Cluff failed to establish a prima facie case because he did not prove he was replaced. Mr. Cluff filed a motion for reconsideration. He argued the court erred by applying a rigid standard to the elements of a prima facie case of discrimination. He also claimed he was replaced by existing employees of CMX. The court denied the motion for reconsideration, finding (1) it was uncontested that the sales portion of the Yakima office was closed, and (2) no employee was hired to fulfill Mr. Cluff's previous duties. On February 10, 1995, Mr. Cluff timely filed this appeal.

Mr. Cluff contends he was not required to show he was replaced to establish a prima facie case of handicap discrimination. It is an unfair practice for an employer to discharge an employee because that employee is handicapped. RCW 49.60.180(2) In order for an employee to sustain a claim of wrongful discharge on the basis of a handicap, the employee must establish (1) the presence of a handicap; (2) satisfactory performance of job functions; (3) replacement by a person outside the protected group; and (4) the handicap was the reason for the discharge. *Lords v. Northern Automotive Corp.*, 75 Wn. App. 589, 601, 881 P.2d 256 (1994). *See also Parsons v. St. Joseph's Hosp. & Health Care Ctr.*, 70 Wn. App. 804, 808-09, 856 P.2d 702 (1993). Contrary to Mr. Cluff's contentions, handicap discrimination does require proof the discharged employee was replaced.

A showing that some of the discharged employee's duties were assumed by existing employees is by itself not sufficient to establish a discrimination claim. *Hatfield v. Columbia Fed. Sav. Bank*, 57 Wn. App. 876, 881, 790 P.2d 1258 (1990), *overruled on other grounds by Burnside v. Simpson Paper Co.*, 123 Wn.2d 93, 864 P.2d 937 (1994). However, the elements of the prima facie case are not

rigid. *Hatfield*, 57 Wn. App. at 882. Courts have dispensed with the requirement of establishing a replacement in age discrimination cases when there is a reduction in force. *Id.* The ultimate question is whether the handicap was the reason for the termination. *Id.*

Mr. Cluff also argues issues of fact preclude summary judgment. In a discrimination case, the ultimate issue is the employer's motive. *deLisle v. FMC Corp.*, 57 Wn. App. 79, 82, 786 P.2d 839, *review denied*, 114 Wn.2d 1026 (1990). Summary judgment rulings are reviewed de novo, and the appellate court engages in the same inquiry as the trial court. *Hiatt v. Walker Chevrolet Co.* 120 Wn.2d 57, 65, 837 P.2d 618 (1992). Summary judgment is appropriate when the plaintiff fails to establish an element essential to his case. *Young v. Key Pharm., Inc.*, 112 Wn.2d 216, 225, 770 P.2d 182 (1989).

When the central issue is, as here, the employer's motive, Washington courts apply the three-step process developed by the United States Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S. Ct. 1817, 36 L. Ed. 2d 668 (1973), and *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 101 S. Ct. 1089, 67 L. Ed. 2d 207 (1981). *Parsons*, 70 Wn. App. at 808. First the plaintiff must present evidence to support findings that (1) he was handicapped; (2) he was discharged; (3) prior to the discharge he did satisfactory work; and (4) he was replaced by a person who was not handicapped. *Id.* at 808-09. Then the defendant must present evidence the plaintiff was discharged for a nondiscriminatory reason. *Id.* at 809. Finally, the plaintiff must show the employer's reason is a pretext for discrimination. *Id.* Only when all three parts are established, is there an issue of fact requiring the case to go to the jury. *Id.*

It is undisputed Mr. Cluff was handicapped and was discharged. No evidence was presented regarding quality of work, but the letter of recommendation written for him by CMX was favorable. He also established existing employees were fulfilling his former duties. Since this was a

reduction in force case, we do not rigidly apply the requirements. A prima facie case of discrimination existed.

The burden now shifts to CMX to establish a nondiscriminatory reason for the discharge. *Sellsted v. Washington Mut. Sav. Bank*, 69 Wn. App. 852, 859, 851 P.2d 716, *review denied*, 122 Wn.2d 1018 (1993). When CMX hired Mr. Cluff he was handicapped. CMX stated Mr. Cluff's handicap never impaired his job performance. CMX began restructuring to increase their efficiency. During the restructuring they decided to close the Yakima sales office and eliminate Mr. Cluff's position. They terminated a total of seven employees. Prior to the restructuring CMX had 56 employees; thus, they terminated one-eighth of their work force. CMX records indicated the restructuring increased their profits. CMX met its burden to establish a nondiscriminatory reason for the discharge.

Finally, Mr. Cluff must establish the nondiscriminatory reason is a pretext. *Id.* at 859-60. Pretext can be shown indirectly by establishing the employer's explanation is false. *Carle v. McChord Credit Union*, 65 Wn. App. 93, 102, 827 P.2d 1070 (1992). To overcome an employer's summary judgment motion, the employee must cite facts, and not just conclusions that support his claim. *Hiatt*, 120 Wn.2d at 66. If the employee does not establish pretext, the employer is entitled to dismissal. *Carle*, 65 Wn. App. at 102. In *Grimwood v. University of Puget Sound, Inc.*, 110 Wn.2d 355, 753 P.2d 517 (1988), the court held summary judgment was proper when the plaintiff did not create a genuine issue of material fact that the employer's reason for the discharge was a mere pretext.

Mr. Cluff asserts only conclusions in establishing pretext. He claims the increase in revenue was due to a six to eight percent increase in prices; however, he does not provide the court with any facts to substantiate that claim. He also asserts the medical community in eastern Washington was flourishing not floundering, but again provides no facts. Finally, he alleges that CMX was enjoying financial success and did not need to restructure. Mr.

Cluff failed to create any inference that CMX's decision to restructure was a pretext to terminate him.

When the record contains reasonable and competing inferences as to why an individual was terminated, a jury should decide the case. *Sellsted*, 69 Wn. App. at 863. Here no such inferences exist. Mr. Cluff did not establish the restructuring was a pretext; thus summary judgment was appropriate.

We affirm.

SCHULTHEIS, A.C.J., and MUNSON, J. Pro Tem., concur.