**David Warren KNIGHT, Plaintiff—Appellant,**

v.

**ROADWAY EXPRESS, INC., Defendant—Appellee.**

No. 00–35819.

D.C. No. CV–99–01516–BJR.

United States Court of Appeals, Ninth Circuit.

Submitted May 10, 2002 *.

Decided May 22, 2002.

Before RYMER, McKEOWN and GOULD, Circuit Judges.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

MEMORANDUM **

David Knight appeals summary judgment in favor of Roadway Express, Inc. on his discrimination claim under RCW 49.60.180. We affirm.

Both parties agree that Knight's appeal turns on whether he adduced evidence from which a rational trier of fact could find that the reason Roadway refused to let him return to dock work—that his treating physician had not released him to do so—is not the true reason for its action. *Cluff v. CMX Corp.*, 84 Wash.App. 634, 929 P.2d 1136, 1138 (1997) (ultimate issue is employer's motive). The fact that Roadway relied on the substantiated opinion of the physician, instead of the opinions of other doctors who thought he could return to dock work, does not undermine its motives. Knight's treating physician had treated Knight for seven of ten serious job-related orthopedic injuries between 1989 and 1995, and he was aware of Knight's job classification (very heavy work). Moreover, the treating physician was aware of Knight's physical capability requirements: that Knight could only do light work but not dock work. Neither are Roadway's motives called into question by Knight's suggestion that Dr. Clark believes persons with similar injuries should not return to manual labor, for there is no evidence that Roadway sent Knight to Clark because of this. Knight also points to evidence that Roadway cut off his compensation benefits and was reluctant to contribute to rehabilitation, but his benefits were terminated when Knight was released by Clark for light-duty work. This is consistent with Roadway's reliance on the treating physician's opinion with respect to Knight's ability to do heavy work.

Knight submits that the 100 pound lifting test was pretextual because it was based on a distorted reading of the job classification, it was not applied to Knight and others when they were hired, and he didn't fail it in any event. However, there is nothing to suggest that dock workers were not expected to be able to handle freight that could weigh more than 100 pounds. Indeed, that's what Knight was doing when he was injured. Even if testimony by co-workers is fully credited, none disputes that it was in the job description that dock workers be able to move about freely in the handling of freight that may exceed 100 pounds in weight. Nor did they dispute that dock workers actually did move containers weighing this much or more. In any event, the results of the physical capacity examination upon which Roadway relied showed that Knight could only lift in the medium work range, which was below "heavy" no matter how defined. That he could have performed differently had he felt better at the time of the examination does not create an inference that Roadway's motive for insisting on a release from Clark and a physical capacity examination was discriminatory.

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.