**Alison O. YOUNG, Plaintiff— Appellant,**

v.

**BEN FRANKLIN TRANSIT, a municipality, Defendant— Appellee.**

No. 02–35923.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2003.*

Decided Dec. 11, 2003.

Steven C. Lacy, Esq., East Wenatchee, WA, for Plaintiff–Appellant.

Erin Frazier Rice, Esq., Eileen M. Lawrence, Esq., Cedar River Law Professionals, Covington, WA, for Defendant–Appellee.

Before KLEINFELD, GOULD, and TALLMAN, Circuit Judges.

MEMORANDUM **

Young did not present evidence from which a reasonable jury could conclude she established a prima facie case on her two disability discrimination claims. Her claim of disability discrimination through failure to accommodate was not supported by evidence that she was "qualified to perform the essential functions of the job in question."[1] Regular and predictable attendance of coach drivers is a "fundamental job duty," a heuristic the Washington Supreme Court uses to interpret the term "essential functions."[2] Likewise, Young did not establish a prima facie case for disability discrimination through disparate treatment because excessive absenteeism prevented her from completing satisfactory work prior to her termination.[3]

Young also failed to state a prima facie case of wrongful discharge in violation of public policy. Even assuming that Young met the clarity, jeopardy, and causation elements, Ben Franklin Transit offered the "overriding justification for the dismissal"

---

\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. *Davis v. Microsoft Corp.*, 149 Wash.2d 521, 70 P.3d 126, 131 (Wash.2003) (delineating the four prongs of a disability discrimination claim for failure to accommodate under the Washington Law Against Discrimination); *see* Wash. Rev.Code § 49.60.180(2).

2. *Humphrey v. Memorial Hosps. Ass'n*, 239 F.3d 1128, 1135 & n. 11 (9th Cir.2001) (noting that, for many jobs, "regular and predictable attendance is an essential function of the position"); *Davis*, 70 P.3d at 132.

3. *See Cluff v. CMX Corp.*, 84 Wash.App. 634, 929 P.2d 1136, 1139 (Wash.Ct.App.1997).

of Young's violation of article 19.6(c) of the collective bargaining agreement.[4]

AFFIRMED.

4. *Ellis v. City of Seattle*, 142 Wash.2d 450, 13 P.3d 1065, 1070 (Wash.2001) (listing the four-part, conjunctive test for analyzing wrongful discharge claims).

