46 F.3d 1138
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Sam BELL, Plaintiff-Appellant,
v.
STATE FARM INSURANCE, Defendant-Appellee.
 No. 94-35145.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted: Dec. 6, 1994.
Decided: Jan. 19, 1995.
 
 Before: NOONAN, O'SCANNLAIN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Sam Bell, in a diversity action, claimed that State Farm Insurance engaged in race discrimination under the Washington Law Against Discrimination, Wash. Rev. Code Ann. Sec. 49.60.180, when it terminated his employment. The district court granted State Farm's motion for summary judgment. We affirm.
 
 
 3
 * Under the Washington Law Against Discrimination, in order to establish a prima facie case of race discrimination, a plaintiff must show that he: (1) was a member of a protected class; (2) was discharged; (3) was doing satisfactory work; and (4) was replaced by someone not in the protected class. Jones v. Kitsap County Sanitary Landfill, Inc., 60 Wash. App. 369, 371, 803 P.2d 841 (1991). Once a plaintiff makes out a prima facie case, the defendant must articulate a nondiscriminatory reason for the discharge. The burden then shifts back to the plaintiff to demonstrate that the defendant's stated reason is a mere pretext. Grimwood v. University of Puget Sound, Inc., 110 Wash. 2d 355, 362-64, 753 P.2d 517 (1988). The plaintiff must show pretext "directly or indirectly by demonstrating the explanation is unworthy of credence." Hatfield v. Columbia Fed. Sav. Bank, 68 Wash. App. 817, 823, 846 P.2d 1380, rev. denied, 121 Wash. 2d 1030 (1993) (quotation omitted).
 
 
 4
 Bell's burden at the summary judgment stage was to produce "evidence from which a rational trier could (but not necessarily would) find the challenged element [of discriminatory motive]." Parsons v. St. Joseph's Hosp., 70 Wash. App. 804, 808 (1993); see also deLisle v. FMC Corp., 57 Wash. App. 79, 83-84, 786 P.2d 839, rev. denied, 114 Wash. 2d 1026 (1990). In determining whether summary judgment was appropriate, the court must construe the facts in the light most favorable to Bell, the nonmoving party. Sellsted v. Washington Mut. Sav. Bank, 69 Wash. App. 852, 857, 851 P.2d 716, rev. denied, 122 Wash. 2d 1018 (1993).
 
 II
 
 5
 Bell has not produced facts upon which a reasonable jury could find that State Farm's articulated reason for terminating him -- his poor performance -- was a mere pretext for race discrimination. Bell contends that he has introduced direct evidence of racial bias. First, Bell points to a training seminar at which Dick Bell, an Agency Manager, used the name "Amos A. Andy" for a hypothetical customer. This was certainly a racially offensive remark. However, Dick Bell had no managerial authority over Sam Bell and could have played no role in the evaluation of his performance or termination.
 
 
 6
 Second, Bell points to a conversation he had with Michael Brennan before becoming an agent in which Brennan recalled his frustrations when he was a new agent with the better support he believed was given to new black agents at State Farm. However, Bell himself stated: "I believe he told me this to aid in his recruitment of me and to assure me that black agents were taken care of by State Farm." Thus, in Bell's own opinion, this comment was not an expression of racial animus towards him. Moreover, it took place before Bell was hired by State Farm.
 
 
 7
 In addition, Robert Bowles, the Agency Director, had a conversation with Bell in which he stated that State Farm historically had not had success with black agents in the region. Bowles' statement may have been tinged with racial animus. However, even giving the statement the worst possible connotations, it has not been linked to Bell's termination in any way. A "stray remark" such as this is insufficient to create an inference of racial discrimination in an employment decision. Nesbit v. Pepsico, Inc., 994 F.2d 703, 705 (9th Cir. 1993); Merrick v. Farmers Ins. Group, 892 F.2d 1434 (9th Cir. 1990).
 
 
 8
 Bell also contends that he has introduced circumstantial evidence of racial discrimination by demonstrating that he was treated differently from other agents. In a disparate treatment case such as this, proof of discriminatory intent is usually crucial. See EEOC v. Bordens, Inc., 724 F.2d 1390, 1392 (9th Cir. 1984). However, discriminatory intent "can in some situations be inferred from the mere fact of differences in treatment." International Bhd. of Teamsters v. United States, 431 U.S. 324, 335 n.15 (1977). See also Sellsted, 69 Wash. App. at 860.
 
 
 9
 The circumstantial evidence introduced by Bell is not of the sort that could give rise to an inference of discriminatory intent. The assignment of George Fu, one of Gary Scott's trainee agents, to the Roosevelt Way office does not constitute evidence that Bell was treated differently than any other trainee agent under Michael Brennan's management. Also, Bell conceded that the reason he felt "shortchanged" by Brennan was not race-related, but because Brennan did not have enough time to devote to Bell. Nor do we find any of the other examples of allegedly disparate treatment to rise to the level where they could give rise to an inference of discriminatory intent.
 
 
 10
 For the above reasons, the district court's grant of summary judgment in favor of State Farm is
 
 
 11
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3