46 F.3d 1140
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Pavarneh DAVARPANAH, Plaintiff-Appellant,
v.
J.C. PENNEY COMPANY, Defendant-Appellee. (Two Cases)
Pavarneh DAVARPANAH; Sunny Patten; Beverly A. Lindblad, Plaintiffs,
and
Eileen Glass, Plaintiff-Appellant,
v.
J.C. PENNEY COMPANY, Defendant-Appellee.
Eileen GLASS; Beverly A. Lindblad; Sunny Patten,
Plaintiffs-Appellants,
v.
J.C. PENNEY COMPANY, Defendant-Appellee.
Pavarneh DAVARPANAH; Beverly A. Lindblad; Sunny Patten,
Plaintiffs-Appellees,
v.
J.C. PENNEY COMPANY, Defendant-Appellant.
 Nos. 93-35273, 93-35284, 93-35543, 93-35588 and 93-35590.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 6, 1994.
Decided Jan. 23, 1995.
 
 Before: NOONAN, O'SCANNLAIN, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 We are asked by appellant Eileen Glass to adjudicate a series of challenges to the district court's jury instructions in this case. We must also decide whether the district court abused its discretion in excluding appellant Pavarneh Davarpanah's expert witnesses as a sanction for her failure to comply with a pretrial discovery order.
 
 
 3
 * We first consider Glass' contention that the district court committed reversible error in giving jury instruction number 7.
 
 
 4
 As given, instruction number 7 advised the jury that liability for discrimination under RCW 49.60.180 required a finding that "[the plaintiff's] race, national origin, or religion was the determining factor for her discharge or adverse employment action." (emphasis added). Glass contends that the court's instruction required her to prove that discrimination was the "but for" cause of J.C. Penney's actions in order to prevail on her discrimination claim. This "but for" element, Glass argues, contravenes the less stringent causation requirements of RCW 49.60.180. In contrast, Glass' proposed jury instruction required only proof that "race, national origin or religion was a determining factor in the termination or adverse employment action."
 
 
 5
 The Washington Supreme Court has not yet established the proper standard of causation for discrimination claims brought under RCW 49.60.180. See Allison v. Housing Authority, 821 P.2d 34, 38 (Wash.1991) ("[T]his court has never expressly held that plaintiff has a 'but for' burden of causation in a RCW 49.60.180 case."). Thus, we must place ourselves in the position of the Washington Supreme Court and decide this issue as would that court.
 
 
 6
 In Allison, the Washington Supreme Court rejected the "but for" standard under a separate provision of the Washington Law Against Discrimination, RCW 49.60.210, prohibiting retaliatory discharge. 821 P.2d at 43. In doing so, the court noted that "Washington's Law Against Discrimination contains a sweeping policy statement strongly condemning many forms of discrimination. RCW 49.60.010. It also requires that 'this chapter shall be construed liberally for the accomplishment of the purposes thereof.' RCW 49.60.020." Id. at 37. Reasoning that the enforcement of the antidiscrimination laws was dependent, in large part, upon the willingness of individual employees to come forward with claims of discrimination, the court concluded that, in retaliation cases, "[a]dopting a 'but for' standard would unduly hamper efforts to enforce the law against discrimination." Id.
 
 
 7
 This rationale, in itself, distinguishes Allison from the present case. In Allison, the Washington Supreme Court was swayed, in part, by the fact that the effective enforcement of RCW 49.60 depended upon an employee's ability to protect himself from retaliatory discharge; such protection, the court reasoned, is in turn dependent upon a less rigorous standard of causation in retaliatory discharge cases. In the instant case, no such consideration mandates the adoption of a lesser standard and we are not convinced that the court would otherwise endorse such a standard. Moreover, we find it persuasive that a number of Washington appellate courts have held, after Allison, that the "but for" standard is the proper test in discrimination claims. See Lords v. Northern Automotive, 75 Wash.App. 589, 609 (1994) (finding "no compelling reasons to extend the holding of Allison to actions based on RCW 49.60.180"); Hatfield v. Columbia Fed. Sav., 846 P.2d 1380, 1384 (Wash.App.1993); Burnside v. Simpson Paper Co., 832 P.2d 537, 546 (Wash.App.1992) (role of jury in age discrimination case is to determine whether "plaintiff has shown that, but for his age, he would not have been fired"), aff'd, 864 P.2d 937 (Wash.1994).
 
 
 8
 In light of our conclusion, we find the district court's use of "the determining factor" to be proper.
 
 II
 
 9
 We next review Glass' challenge to jury instruction number 8, in which the court set forth the elements of proof necessary to establish a claim of retaliation under the Washington Law Against Discrimination, RCW 49.60.210.[1]
 
 
 10
 As given, jury instruction number 8 required Glass to prove by a preponderance of the evidence that "she made a claim of unlawful discrimination," and that this claim was a substantial factor in J.C. Penney's decision to take adverse employment action against her. Glass contends that this instruction was insufficiently precise; by requiring that Glass demonstrate that "she made a claim," Glass argues, the court omitted the less formal notion that Glass might also have simply opposed discriminatory practices.
 
 
 11
 Instruction 8, standing alone, may indeed have suggested to the jury that a formal complaint was necessary for Glass to prevail in her retaliation claim. We do not consider each jury instruction alone, however. Rather, "[p]rejudicial error results when, looking to the instructions as a whole, the substance of the applicable law was [not] fairly and correctly covered." In Re Asbestos Cases, 847 F.2d 523, 525 (9th Cir.1988) (quotation omitted).
 
 
 12
 In the instant case, jury instruction 6 stated in full the language of RCW 49.60.210; the instruction clearly explained that
 
 
 13
 Washington law ... provides that it is an unfair practice for any employer to discharge, expel, or otherwise discriminate against any person because she has opposed any discriminatory practice or because she has filed a charge, testified, or assisted in any proceeding related to discriminatory practices.
 
 
 14
 When the instructions are taken as a whole, it appears that "the substance of the applicable law was fairly and correctly covered."[2] Id.; see also Marquis v. Chrysler Corp., 577 F.2d 624, 636 (9th Cir.1976) (jury charge need not be faultless, so long as jury had understanding of issues); Houston v. Herring, 562 F.2d 347, 348 (5th Cir.1977) ("There is no harmful error if the charge in general correctly instructs, even if one portion is technically incorrect.").
 
 III
 
 15
 We next consider Glass' final contention, in which she challenges the adequacy of the district court's jury instruction number 13, on constructive discharge. Under Washington law, a constructive discharge occurs "where an employer deliberately makes an employee's working conditions intolerable and thereby forces him to quit his job." Barrett v. Weyerhaeuser, 700 P.2d 338, 338 (Wash.App.1985) (quotation omitted).
 
 
 16
 The district court instructed the jury that "[a]n employee is constructively discharged if the employer deliberately makes working conditions so intolerable that a reasonable person would have felt compelled to resign under the circumstances." The court rejected Glass' request that it define deliberate, however. The omission of such definition, Glass contends, "gave the jury the inaccurate and prejudicial impression that a finding of constructive discharge required that [the defendant] specifically engineered or created the intolerable conditions for the express and specific purpose of driving Ms. Glass from her job."
 
 
 17
 The Washington Supreme Court has yet to determine the mental state necessary to render an employer's conduct "deliberate." See Bulaich v. AT & T Info. Sys., 778 P.2d 1031, 1035 (Wash.1989). Bulaich nonetheless provides guidance on the instant issue. In Bulaich, the Washington Supreme Court upheld a jury instruction identical to the one at issue in the instant case.[3] In doing so, the court reasoned that "[t]he word 'deliberately' as contained in instruction 10 merely requires a deliberate act of the employer creating the intolerable condition without regard to the employer's mental state as to the resulting consequence." Id. at 1035. This, the court concluded, was consistent with Washington law.
 
 
 18
 Because the Washington Supreme Court has found the language of instruction 13 to be substantively sufficient, it was proper here.
 
 IV
 
 19
 We next review Davarpanah's claim that the district court erred in prohibiting her expert witnesses from testifying as a sanction for her failure to name these witnesses until over two months after the date specified in the court's pretrial order.
 
 
 20
 We need not reach the merits of Davarpanah's claim. At trial she failed to offer the evidence that she now claims was improperly excluded. Under Rule 103 of the Federal Rules of Evidence,
 
 
 21
 (a) Error may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and ... (2) [i]n case the ruling is one excluding evidence, the substance of the evidence was made known to the court by offer or was apparent from the context within which the questions were asked.
 
 
 22
 It is evident from the record that Davarpanah made no offer of proof regarding the testimony of her proffered expert witnesses. Having failed to make such an offer, Davarpanah cannot now seek review of the district court's exclusionary ruling.[4]
 
 V
 
 23
 J.C. Penney's cross-appeal was dismissed with prejudice on February 2, 1994 for failure to timely file. Consequently, we need not and do not consider the contentions that J.C. Penney raises therein.
 
 
 24
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 J.C. Penney contends that "Glass' counsel failed to object to the wording of instruction no. 8 until it was too late." Despite J.C. Penney's contention, there is no evidence that Glass failed to preserve this issue for appeal. See Fed.R.Civ.P. 51
 
 
 [2]
 Glass contends that prejudice is demonstrated by the fact that, during its deliberations, the jury sent out a question concerning instruction 8. Although there is evidence in the record that the jury had some confusion regarding the retaliation claim, the record does not reveal the specific nature of the jury's confusion, nor does Glass claim that the supplemental instructions given by the court in response to the jury's inquiry were inadequate to resolve such confusion
 
 
 [3]
 The court in Bulaich defined forced retirement as follows:
 A retirement is involuntary or coerced if the employer deliberately makes working conditions so intolerable that a reasonable person would have felt compelled to resign under the circumstances.
 
 
 [778]
 P.2d at 1034
 
 
 [4]
 Davarpanah argues that Rule 103 applies only when evidence is excluded on substantive grounds. We disagree. Rule 103 "accurately apprises the trial judge of what is at stake when he rules, and provides a record sufficient for prompt and intelligent appellate review." Wright & Graham, Federal Practice and Procedure, Sec. 5032. Because the decision to sanction is not an automatic one, and instead requires that the judge consider the equities of the situation, see Fed.R.Civ.P. 16(f), 37(b)(2), both purposes are implicated when evidence is excluded pursuant to a sanction. An offer of proof in this context allows a judge to determine the relative severity of the sanction imposed. Similarly, such an offer assists the reviewing court in assessing the equity of the district court's sanction