[No. 5592–1.   Division One.   February 13, 1979.]

JAMES ROUNDS, ET AL, *Appellants,* v. UNION BANKERS
INSURANCE COMPANY, ET AL, *Respondents.*

*James Caraher,* for appellants.

*Davies, Pearson, Anderson, Seinfeld, Gadbow, Hayes & Johnson,* and *Dennis Seinfeld,* for respondents.

JAMES, J.—Plaintiffs James and Lynda Rounds purchased insurance from defendant Union Bankers Insurance Company to cover losses "by reason of hospital, surgical and miscellaneous expense . . . due to injury or sickness" incurred by their daughter Heidee. Thereafter, Heidee, who suffered from hydrocephalus, was hospitalized three times. Upon receiving claims for the medical charges and upon learning of Heidee's hydrocephalic condition, Union Bankers canceled the policy and returned the premiums paid by plaintiffs.

Plaintiffs' complaint against Union Bankers asserted three causes of action: (1) reinstatement of the policy, (2) damages of $350,000 for "intentional and outrageous conduct . . . in cancelling [the] policy," and (3) treble damages for violation of the Consumer Protection Act, RCW 19.86. In summary, plaintiffs alleged that Union Bankers' sales agent was guilty of fraud and bad faith in intentionally misnaming Heidee's condition as endometriosis and thereby inducing them "to subscribe to insurance which, in fact, offered no coverage."

Union Bankers moved for summary judgment dismissing the second and third causes of action. The trial judge granted the motion as to the claimed violation of the Consumer Protection Act, but denied the motion as to the claimed tort of outrage. Both parties have appealed.

We reverse the dismissal of the Consumer Protection Act claim but affirm the denial of the motion to dismiss the tort claim.

■ We first consider the Consumer Protection Act claim. The trial judge followed *Lightfoot v. MacDonald,* 86 Wn.2d 331, 544 P.2d 88 (1976), where the court held that the Act's private remedy is not available for contract disputes between individuals unless a public interest subject is involved. But subsequent to the trial judge's ruling and subsequent to the filing of the briefs on appeal, our Supreme Court has ruled in two cases that an insurance company's breach of the duty to use good faith and fair dealing with private individuals falls within the Act's purview. *Salois v. Mutual of Omaha Ins. Co.,* 90 Wn.2d 355, 581 P.2d 1349 (1978); *Levy v. North American Co. for Life & Health Ins.,* 90 Wn.2d 846, 586 P.2d 845 (1978). In so ruling, the court expressly held that a private insurance contract affects the public interest and that the remedies provided in RCW 19.86.090 are available to an insured.

However, in neither case was the court called upon to rule on Union Bankers' further contention that RCW 19.86.170 expressly exempts actions arising from individual insurance contracts from the Act's application. RCW 19.86-.170 provides in part as follows:

> Nothing in this chapter shall apply to actions or transactions otherwise permitted, prohibited or regulated under laws administered by the insurance commissioner of this state, the Washington utilities and transportation commission, the federal power commission or actions or transactions permitted by any other regulatory body or officer acting under statutory authority of this state or the United States: *Provided, however,* That actions and transactions prohibited or regulated under the laws administered by the insurance commissioner shall be subject to the provisions of RCW 19.86.020 and all sections of chapter 216, Laws of 1961 and chapter 19.86 RCW which provide for the implementation and enforcement of RCW 19.86.020 except that nothing required or permitted to be done pursuant to Title 48 RCW shall be construed to be a violation of RCW 19.86.020: . . .

RCW Title 48 is the insurance code of the State of Washington.

Union Bankers argues that although the legislature apparently did intend that the Consumer Protection Act should apply to individual insurance transactions, it effectively nullified that intention by including the exception that "nothing required or permitted to be done pursuant to [the insurance code] shall be construed to be a violation of [the Consumer Protection Act]." RCW 19.86.170.

■■ We do not agree. The following quotation from *Williams v. Pierce County*, 13 Wn. App. 755, 758–59, 537 P.2d 856 (1975) summarizes the appropriate rules for judicial ascertainment of legislative intent.

> But it should be remembered that the fundamental objective in construing ordinances and statutes is to ascertain the legislative (in this case, the Board of County Commissioners') intent. . . . In doing this, if possible all provisions should be harmonized; no words or phrases should be rendered superfluous or meaningless. . . . But if there are two conflicting provisions, then that which is more clearly expressed should control. . . . And the general spirit or purpose of the statute will prevail over expressed but inept language. . . . Importantly, unreasonable or illogical consequences should be avoided. . . .

(Citations omitted.) Recognizing the general purposes of the Consumer Protection Act and the insurance code, and reading and considering them together, we find no difficulty in concluding that the legislative intent was to provide a remedy for an insured who suffers due to conduct such as Union Bankers' alleged actions.

> In construing a statute, the court seeks to find the legislative intent, and attempts to give effect to the legislative purpose. . . . Legislative intent is to be derived from the statute as a whole and not from a single sentence or solitary paragraph. . . . Thus, in interpreting statutes, legislative intent is to be ascertained from the statutory text as a whole, interpreted in terms of the general purpose of the act. . . .

(Citations omitted.) *Greenwood v. State Bd. for Community College Educ.*, 82 Wn.2d 667, 670–71, 513 P.2d 57 (1973).

■ We next consider the denial of Union Bankers' motion to dismiss the claim for the tort of outrage. Union Bankers contends that the plaintiffs' deposition testimony concerning Union Bankers' conduct and their reaction to it required the dismissal of the claim as a matter of law. Union Bankers points out that in recognizing the tort of outrage in Washington, our Supreme Court in *Grimsby v. Samson,* 85 Wn.2d 52, 530 P.2d 291 (1975), adopted the analysis of the Restatement (Second) of Torts § 46 (1965). The Restatement's comments to section 46 state that it is for the court to determine in the first instance whether the defendant's conduct may reasonably be regarded as so extreme and outrageous as to permit recovery and that it is for the court to determine whether, on the evidence, severe emotional distress can be found.

While we agree that the trial judge must initially determine whether evidence is sufficient to take a fact issue to the jury (or the trier of fact), we agree with the trial judge's conclusion that, in this case, the question should be resolved after the presentation of the plaintiffs' case at trial. The nature of an outrage claim is such that a trial judge should have the opportunity to hear testimony in open court before resolving the issue as a matter of law. As pointed out in *Balise v. Underwood,* 62 Wn.2d 195, 381 P.2d 966 (1963), if a genuine issue of credibility is present, a dismissal on a motion for summary judgment is inappropriate.

The judgment dismissing the cause of action based upon the Consumer Protection Act is reversed and the denial of the motion to dismiss the cause of action based upon the tort of outrage is affirmed. The case is remanded for trial.

WILLIAMS and RINGOLD, JJ., concur.