[No. 46694.   En Banc.   June 25, 1981.]

HARRIET M. GOULD, *Respondent,* v. MUTUAL LIFE
INSURANCE COMPANY OF NEW YORK, ET AL,
*Appellants.*

*Lane, Powell, Moss & Miller,* by *C. William Bailey* and
*Douglas J. Shaeffer, Norm Maleng, King County Prose-
cuting Attorney, Darrell L. Syferd, Deputy, Richard S.
Gidley, Acting Bellevue City Attorney,* and *Ruth E. Dar-
den, Assistant,* for appellants.

*Vaughn E. Evans,* for respondent.

DORE, J.—On May 27, 1976, Victor (Vic) Gould was found shot to death in Robinswood Park in Bellevue, Washington. His widow sued the Mutual Life Insurance Company of New York (MONY) to collect the proceeds of a life insurance policy under which her husband had been insured. MONY pleaded the affirmative defense of suicide. All parties agree that the insurance policy excludes coverage where the insured commits suicide. The widow contended her husband had been murdered.

At trial evidence was produced to support both theories. No suicide note was found. The Bellevue Police Department investigated the death, initially treating it as a homicide, as was the practice in all cases of violent deaths.

The issue of whether Vic Gould killed himself was submitted to the jury which returned a verdict for the plaintiff/widow. This appeal followed. The main question on appeal is whether the trial court erred in its charge to the jury regarding the presumption against suicide. The following jury instructions were given on this issue:

INSTRUCTION 7
Where a deceased dies as a result of a gunshot wound, it is presumed that the death was due to accident or by the act of another, rather than due to suicide. Such presumption remains in the case until it is overcome by credible evidence to the contrary which points to suicide, but at all times the burden is upon the defendant to prove that the death of the deceased was due to suicide.

INSTRUCTION 8
In the case of a violent death, where natural causes are excluded, the presumption against suicide is overcome, where the preponderance of the evidence is consistent with the theory of suicide, and is at the same time inconsistent with any reasonable theory of death by accident or by the act of another.

INSTRUCTION 9
You are instructed that while at the outset there exists a presumption against death by suicide, this presumption is not evidence. It merely shifts to the defendant in this case the duty of going forward with the evidence. The

presumption here disappears when there is evidence on the subject which, in absence of the presumption, would warrant an inference of death by suicide. However, in the final analysis the burden of proving suicide by a fair preponderance of the evidence still rests with the defendant.

These instructions were approved in *Burrier v. Mutual Life Ins. Co.*, 63 Wn.2d 266, 387 P.2d 58 (1963). We are asked in this case, although not directly by MONY in its brief, to abolish the presumption against suicide, or at least to change its application in Washington. A brief discussion of that presumption follows.

The origin of the presumption against suicide is obscure. Its existence at early common law, however, has been established, as well as the policy behind its application. Suicide was a felony and considered a more heinous crime than murder. A host of worldly punishments would devolve upon the suicide's family; all property of the suicide would escheat to the crown, and an ignoble burial by the highway, with a stake driven through the victim's heart, forced humiliation upon the survivors. To relieve the family of these penalties, there arose a presumption that no sane man would take his own life. Slight evidence would induce a coroner's jury to bring in a verdict of temporary insanity, thus avoiding the crime of suicide. Hartman, *The Presumption Against Suicide as Applied in the Trial of Insurance Cases*, 19 Marq. L. Rev. 20 (1934).

Other reasons for the establishment of the presumption against suicide, distinct from, yet related to, the forfeitures suffered by the surviving family, have been enunciated.

> The presumption . . . is said to have as its basis the love of life and the instinct of self preservation, the fear of death, the fact that self–destruction is contrary to the general conduct of mankind, the immorality of taking one's own life, and the presumption of innocence of crime.

(Footnotes omitted.) Wallin, *The Presumption Against Suicide in Insurance Cases in the District of Columbia*, 46 Geo. L.J. 503, 503 (1958). Courts have been hesitant to

abolish the presumption, although some scholars have so urged. Richardson & Breyfogle, *Problems of Proof in Distinguishing Suicide From Accident,* 56 Yale L.J. 482 (1947); Hartman, *supra;* White, *Presumptions in Violent Death Cases or Quo Vadis Presumption?,* 15 Miami L. Rev. 1 (1960). Rather, some courts will limit its application, denoting its operation as an "inference" rather than a presumption, *Watkins v. Prudential Ins. Co.,* 315 Pa. 497, 173 A. 644 (1934), while others accept its force against all but the strongest of contrary evidence, *Pioneer Int'l Hotel v. First Colony Life Ins. Co.,* 527 F.2d 200 (9th Cir. 1975).

■ As noted above, this case is controlled by *Burrier* which involved the presumption against suicide in ordinary life insurance policy cases. The court in *Burrier* approved instructions identical to the ones in the subject case. The law, as established in *Burrier,* may be summarized as follows: (1) the plaintiff must prove the valid contract and the death of the insured to establish the prima facie case, (2) the affirmative defense of suicide must be proved by defendant insurance company by a preponderance of the evidence, (3) the presumption against suicide puts no additional burden on defendant because it is not evidence, (4) the jury may be informed of the presumption, with proper limiting instructions, to aid in its evaluation of the evidence concerning suicide. The court held that insured and carrier both contracted with knowledge of the presumption against suicide.

*Burrier* is indistinguishable from the subject case. We put special emphasis on the fact that MONY, in the subject case, had to prove suicide by a preponderance of the evidence. Thus, the presumption did *not* act to shift either the burden of coming forward with the evidence, or the burden of persuasion. We do not wish to alter the applicability of the presumption against suicide. The lower court should be affirmed based on the rationale expressed in *Burrier.* As such, there is no need to comment on Mrs. Gould's cross appeal regarding the suppressed police files.

The trial court is affirmed.

ROSELLINI, STAFFORD, UTTER, DOLLIVER, HICKS, WILLIAMS, and DIMMICK, JJ., concur.

BRACHTENBACH, C.J., concurs in the result.

Reconsideration denied September 4, 1981.