[No. 11463-8-I.   Division One.   April 23, 1984.]

HARRIET M. GOULD, *Appellant,* v. MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, *Defendant,* ROBERT L. ISRAEL, ET AL, *Respondents.*

*Vaughn E. Evans,* for appellant.

*Karr, Tuttle, Koch, Campbell, Mawer & Morrow, P.S., F. Lee Campbell, Rodney Vessels,* and *Philip A. Talmadge,* for respondents.

SCHOLFIELD, J.—Harriet M. Gould appeals a final judgment dismissing her complaint against Robert L. Israel and C. William Bailey, their wives and respective marital communities. We reverse.

Israel and Bailey brought a motion for judgment on the pleadings to dismiss Gould's complaint. They specifically alleged and rely on the provisions of CR 12(b)(6), which permits a party to move for dismissal of a claim against him for "failure to state a claim upon which relief can be granted".

Because of the nature of the motion, we refer to the pertinent portions of Gould's "First Amended Complaint", wherein she alleges:

1. She is sole beneficiary on an accidental death insurance policy issued on the life of her now deceased husband by the defendant, Mutual Life Insurance Company of New York.

2. That without any evidence to support a defense of suicide, defendant Mutual and its attorneys and agents Israel and Bailey made a decision to refuse to pay the death benefits due Gould and forced her to press her claim through trial and appeal to the Supreme Court, where she ultimately prevailed.

3. That the actions of Israel and Bailey were not limited to rendering services as attorneys of Mutual, but included participation in and managing the wrongful and bad faith conduct as agents of Mutual Life Insurance Company of

New York, including, but not limited to, making command decisions to wrongfully and in bad faith deny plaintiff's claim, initiating and approving conduct designed solely to harrass [sic] and humiliate plaintiff and cause her mental distress, with intent to intimidate plaintiff into abandoning her claim or settling for a mere fraction of the benefits to which plaintiff was entitled and for which plaintiff had paid premiums.

4. That the conduct of each of the defendants constituted bad faith and unfair and deceptive acts and practices in violation of the Consumer Protection Act, RCW 19.86.

Gould first contends that the dismissal of Israel and Bailey was not a final judgment and did not terminate the action as to them because the record is insufficient to support the finding required by CR 54(b) "that there is no just reason for delay", citing *Doerflinger v. New York Life Ins. Co.*, 88 Wn.2d 878, 567 P.2d 230 (1977). A motion to that effect was presented to Court of Appeals Commissioner Jordan and denied April 22, 1982. Because Gould did not move to modify that ruling pursuant to RAP 17.7, the ruling of the commissioner became the final decision of the court.

Israel and Bailey contend that there is no possible basis for a cause of action against them by Gould because Gould is not an insured, only a beneficiary, on the policy. In making this argument, they rely upon *Rice v. Life Ins. Co. of N. Am.*, 25 Wn. App. 479, 609 P.2d 1387 (1980). In *Rice,* the Court of Appeals stated in dicta that one who is not an insured does not have a cause of action against an insurance company under the Consumer Protection Act.

The sole authority cited for this proposition was the case of *Rounds v. Union Bankers Ins. Co.,* 22 Wn. App. 613, 590 P.2d 1286 (1979). We read the language from the *Rounds* opinion, cited and relied upon in *Rice,* as holding that there was a legislative intent to provide a remedy for an *insured* who suffers damages due to conduct such as that alleged against the defendant in that case. The *Rounds* opinion does not address the question of whether a beneficiary to a life insurance policy would or would not have a

cause of action against the life insurance company under the Consumer Protection Act.

If an insured has a cause of action against an insurance company for bad faith in the manner in which the insurance company processes a claim against it, there is nothing in the language of the Consumer Protection Act to suggest that a beneficiary of a policy would not also have a cause of action against the insurance company under similar circumstances. Because there is no logical basis upon which to distinguish Gould from the insured under the circumstances of this case, we decline to hold that a beneficiary of a life insurance policy does not have a cause of action against the insurer under the Consumer Protection Act for bad faith in settling her claim.

In addressing a motion to dismiss under CR 12(b)(6), our Supreme Court stated:

> We have repeatedly said that a motion made pursuant to CR 12(b)(6) must be denied unless it appears beyond doubt that the plaintiff can prove no set of facts, consistent with the complaint, which would entitle the plaintiff to relief. *Halverson v. Dahl,* 89 Wn.2d 673, 674, 574 P.2d 1190 (1978); *Berge v. Gorton,* 88 Wn.2d 756, 759, 567 P.2d 187 (1977). Factual allegations of the complaint must be accepted as true for purposes of the CR 12(b)(6) motion. *Berge v. Gorton, supra* at 759; *Stanard v. Bolin,* 88 Wn.2d 614, 615, 565 P.2d 94 (1977); . . .

*Corrigal v. Ball & Dodd Funeral Home, Inc.,* 89 Wn.2d 959, 961–62, 577 P.2d 580 (1978).

The law is clear that corporate officers and agents can incur personal liability under the Consumer Protection Act, RCW 19.86.140, *State v. Ralph Williams' N.W. Chrysler Plymouth, Inc.,* 87 Wn.2d 298, 553 P.2d 423 (1976), *appeal dismissed,* 430 U.S. 952 (1977), and that an insurance company which breaches its duty to act in good faith is subject to liability under the act. *Salois v. Mutual of Omaha Ins. Co.,* 90 Wn.2d 355, 581 P.2d 1349 (1978).

The allegations of Gould's complaint state a basis which, if proven, would permit a finding of liability against Mutual.

RCW 19.86.020 provides:

> Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.

The complaint charges Mutual with acting wrongfully and in bad faith in denying Gould's claim.

The issue here, however, is whether the complaint states grounds upon which, if proven, Gould could be granted a recovery against Israel and Bailey and their respective marital communities. In support of their motion to dismiss, Israel and Bailey emphasize that they are attorneys at law and all of their actions in this case were done as attorneys representing their client, Mutual.

The complaint, however, alleges that Israel and Bailey acted outside the scope of the normal and traditional role of an attorney representing a client. The complaint alleges specifically:

> That the acts and conduct of defendants Robert L. Israel and C. William Bailey were not limited to services of attorneys, but included participation in and managing the wrongful and bad faith conduct as agents of Mutual Life Insurance Company of New York, including, but not limited to, making command decisions to wrongfully and in bad faith deny plaintiff's claim, initiating and approving conduct designed solely to harrass [sic] and humiliate plaintiff and cause her mental distress[.]

For the purposes of this motion, these allegations must be accepted as true. If the allegations are correct, then Bailey and Israel acted as de facto corporate officers and in that capacity engaged in conduct for which personal liability can be imposed. We believe this to be the fair intendment of the complaint. It follows that the fact that Israel and Bailey are attorneys at law would not protect them from liability imposed on proof of the allegations of the complaint.

Under these circumstances, a judgment of dismissal under CR 12 cannot lie.

Judgment reversed and remanded for further proceedings.

WILLIAMS, J., and SODERLAND, J. Pro Tem., concur.

Reconsideration denied June 12, 1984.