**Harriet M. GOULD, Plaintiff-Appellant,**

v.

**MUTUAL LIFE INSURANCE COMPANY OF NEW YORK, a corporation, Defendant-Appellee.**

No. 83–3790.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 4, 1984.

Decided June 25, 1984.

Vaughn Evans, Seattle, Wash., for plaintiff-appellant.

Robert M. Kraft, Schwabe, Williamson, Wyatt, Moore & Roberts, Seattle, Wash., for defendant-appellee.

Before WRIGHT, TANG and ALARCON, Circuit Judges.

TANG, Circuit Judge:

## FACTS

In May 1976, Vick Gould was found shot to death in a public park in Bellevue, Washington. He was killed by a bullet that entered through the base of his skull. Vick was insured under a life insurance policy issued by Mutual Life Insurance Company of New York ("MONY"). The policy insured against accidental death, but excluded death by suicide. Plaintiff Harriet Gould, the insured's widow and beneficiary of the policy, submitted a claim to collect the $25,000 proceeds of the policy. MONY refused payment, claiming that the death was by suicide.

Plaintiff then brought an action in state court to enforce the policy. MONY raised the policy's suicide exclusion clause as an affirmative defense. The jury returned a verdict for plaintiff and, on appeal, the Washington Supreme Court affirmed. *Gould v. Mut. Life Ins. Co.*, 95 Wash.2d 722, 629 P.2d 1331 (1981) (en banc).

Thereafter, plaintiff brought an action in state court pursuant to the Washington Consumer Protection Act, Wash.Rev.Code § 19.86.020, seeking damages and attorney's fees, based on MONY's alleged bad faith refusal to honor the life insurance policy claim. The case was then removed to the United States District Court for the Western District of Washington. The federal trial court held, as a matter of law, that MONY's denial of policy benefits was neither frivolous, nor unfounded and granted summary judgment in favor of the insurance company. The court also denied a postjudgment motion for relief from judgment and a further motion for leave to amend the complaint to allege outrage. Plaintiff timely appeals.

## ANALYSIS

### I. *Summary Judgment*

Our review of the grant of summary judgment on a question of law is *de novo*. *Walker v. Navajo-Hopi Indian Relocation Comm'n*, 728 F.2d 1276 (9th Cir. 1984). We must determine that there is no genuine issue of material fact and that the party moving for summary judgment should prevail as a matter of law. *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 677 (9th Cir.1984).

Washington's Consumer Protection Act prohibits "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce...." Wash.Rev.Code § 19.86.020. Any person injured by a violation of that prohibition may recover actual damages, costs of suit

(including attorney's fees), and punitive damages. Wash.Rev.Code § 19.86.090.

■ An insurer's breach of its duty to deal with an insured in good faith constitutes a violation of the Consumer Protection Act. *Levy v. North Am. Co. for Life and Health Ins.*, 90 Wash.2d 846, 848, 586 P.2d 845, 847–48 (1978) (citing *Salois v. Mut. of Omaha Ins. Co.*, 90 Wash.2d 355, 581 P.2d 1349 (1978)). Yet "the mere denial of benefits due to a debatable question of coverage is insufficient" to demonstrate bad faith. *Miller v. Indiana Ins. Cos.*, 31 Wash.App. 475, 477, 642 P.2d 769, 771 (1982).

■ In the case at bar, the facts reveal, as a matter of law that there was a debatable question of coverage, which provided the insurance company with a reasonable and valid ground on which to oppose payment of the proceeds of the policy. *See Phil Schroeder, Inc. v. Royal Globe Ins. Co.*, 99 Wash.2d 65, 74, 659 P.2d 509, 514 (1983) (en banc), *reconsid'n granted*, 99 Wash.2d 1019 (May 31, 1983).

MONY had available to it considerable evidence pointing to suicide. This evidence included, *inter alia*: Vick's gloves were determined to have been used to fire a gun; a revolver belonging to the deceased was found beside his body; the bullet that killed Vick was of the same caliber and composition as the unfired cartridges in his revolver; Vick discussed suicide on a couple of occasions with a friend and discussed life insurance coverage in case of suicide.

We recognize that there also was evidence that was inconsistent with suicide. Such evidence raises a genuine issue of material fact as to how Vick died. In view of the above contravening evidence, however, it does not raise a material question as to MONY's good faith.

In its en banc review of the *Gould* case, the Supreme Court of Washington noted that "[a]t trial evidence was produced to support both theories [homicide and suicide]." *Gould*, 95 Wash.2d at 723, 629 P.2d at 1331. Moreover, the trial court denied both plaintiff's motion for summary judgment and motion for a directed verdict on the suicide defense issue.

We acknowledge that the evidence as to the cause of death was sufficiently inconclusive as to require a jury determination. Yet no evidence of MONY's alleged bad faith has been presented and the extreme uncertainty surrounding Vick's death raised a debatable question of coverage as a matter of law.

## II. *Amendment to Allege Outrage*

Plaintiff challenges the district court's refusal to grant leave to amend the complaint to allege the tort of outrage. The petition for leave to amend was included in plaintiff's postjudgment motion for relief.

■ An insurer's refusal to pay policy benefits may involve conduct constituting the tort of outrage. *Rounds v. Union Bankers Ins. Co.*, 22 Wash.App. 613, 614, 590 P.2d 1286, 1287–88 (1979). Yet MONY's conduct cannot "reasonably be regarded as ... extreme and outrageous ...." *Id.* at 617, 590 P.2d at 1288. Amendment of the complaint would, therefore, have been futile and the district court's refusal to grant leave to amend was proper.

## III. *Certification to the State Court*

■ Plaintiff also renews her motion to certify the present appeal to the Washington Supreme Court. That court recently reiterated the reasonableness standard as the measure that is to be applied to determine good faith under the Washington Consumer Protection Act. *Schroeder*, 99 Wash.2d at 73, 659 P.2d at 514. The court has since granted reconsideration of *Schroeder*. Although it is unclear, plaintiff's certification motion is apparently the result of this decision.

The motion must be denied. No compelling reason to use that procedure has been identified. The reasonableness standard articulated in *Schroeder* is a reiteration of the standard established in *Levy*, 90 Wash.2d 846, 586 P.2d 845. There is no reason to believe that the court would mod-

ify the reasonableness requirement on reconsideration of the particular facts in *Schroeder*.

### IV.  *Other Issues*

■ Plaintiff complains of a pattern of unfair practices by MONY, in violation of the Washington Administrative Code. She has shown no exceptional circumstances why this issue was not raised below. *Taylor v. Sentry Life Ins. Co.*, 729 F.2d 652 (9th Cir.1984). We therefore decline to pass on this question. *Komatsu, Ltd. v. States Steamship Co.*, 674 F.2d 806, 812 (9th Cir.1982).

■ Plaintiff also complains because the district court did not compel discovery before granting summary judgment. Although plaintiff requested imposition of sanctions, no motion to compel discovery was presented.

AFFIRMED.