87 F.3d 1318
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
CHRISTIANIA GENERAL INSURANCE CORPORATION OF NEW YORK, Plaintiff,
v.
NORTHERN VICTOR PARTNERSHIP, Defendant.
COMMERCIAL UNION INSURANCE COMPANY, Third-party-defendant-Appellee,
v.
PETTIT-MORRY COMPANY, Third-party-defendant-Appellant.
 No. 95-35382.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 6, 1996.
Decided June 20, 1996.
 
 1
 Before: BROWNING, T.G. NELSON, Circuit Judges, and SMITH,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Pettit-Morry Co. ("Pettit") appeals the district court's order denying Pettit's motion for certification, to reopen and for findings of fact and conclusions of law, and the district court's order denying Pettit's motion for reconsideration. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 ANALYSIS
 A. Motion for Reconsideration and Relief
 
 4
 The district court was not presented with any "newly discovered evidence," did not commit "clear error" or make a decision that was "manifestly unjust," and was not presented with any intervening change in controlling law that would make reconsideration appropriate. See School Dist. No. 1J v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir.1993), cert. denied, 114 S.Ct. 2742 (1994). Furthermore, in its motion for reconsideration and relief from the order, Pettit did not allege that any of the six grounds for relief under Fed.R.Civ.P. 60(b) existed. Therefore, the district court's denial of the motion for reconsideration and relief from the order was not an abuse of discretion. See id.; Barber v. Hawaii, 42 F.3d 1185, 1198 (9th Cir.1994); Export Group v. Reef Indus., Inc., 54 F.3d 1466, 1469 (9th Cir.1995).
 
 B. Motion for Certification
 
 5
 Pettit was brought into the lawsuit as a third-party defendant by Northern Victor. Northern Victor's claim against Pettit was in the nature of an alternative claim. Even if Pettit did shoulder part of the burden of establishing a contract between Northern Victor and the insurers, Pettit did so for its own defense of the claims against it for breach of contract, negligence, and misrepresentation. Pettit is not the insured, nor has it "stepped into the shoes of the insured." It is clear that under Washington law Pettit is not entitled to recover attorney's fees. See Olympic Steamship Co., Inc. v. Centennial Ins. Co., 811 P.2d 673, 681 (Wash.1991); Estate of Jordan v. Hartford Acc. & Indem. Co., 844 P.2d 403, 413-14 (Wash.1993); Aetna Casualty & Surety Co. v. M & S Indus., Inc., 827 P.2d 321, 64 Wash.App. 916, 929 (1992). Therefore, the district court did not abuse its discretion in denying Pettit's motion to certify. See R.C.W. § 2.60.020; Micomonaco v. Washington, 45 F.3d 316, 322 (9th Cir.1995); Gould v. Mutual Life Ins. Co., 735 F.2d 1165, 1167 (9th Cir.1984), cert. denied, 471 U.S. 1017 (1985).
 
 C. Motion to Reopen
 
 6
 Because, as Pettit admits, there was sufficient evidence in the record on which to base a decision on the attorney's fees issue, the district court did not abuse its discretion in denying the motion to reopen. See In re Lindsay, 59 F.3d 942, 950 (9th Cir.1995), cert. denied, 116 S.Ct. 778 (1996).
 
 D. Findings of Fact and Conclusions of Law
 
 7
 Pettit's claim for attorney's fees was decided as a matter of law, not based on disputed facts. Thus, as Pettit concedes, the district court's decision denying Pettit's attorney's fees was akin to a grant of summary judgment. Under Fed.R.Civ.P. 52(a), the district court was not required to enter findings of fact and conclusions of law.
 
 E. Merits of Attorney's Fees Claim
 
 8
 Although Pettit did not explicitly request recovery of attorney's fees in its motions to certify, reopen and enter findings and conclusions, Pettit did assert that it was not clear whether, under local law, it was entitled to attorney's fees. Commercial Union treated Pettit's motions as a proceeding to determine the merits of Pettit's claims for attorney's fees and fully addressed the attorney's fees issue in its briefs opposing Pettit's motions. In its reply briefs, Pettit had the opportunity to, and did, fully and fairly respond to Commercial Union's opposition to an award of attorney's fees. The district court, adequately briefed on the issue, did not err when it denied Pettit's claim for attorney's fees in the context of the motions to certify, reopen and enter findings and conclusions. See Heinz v. Commissioner of Internal Revenue, 770 F.2d 874, 876 (9th Cir.1985).
 
 
 9
 Furthermore, the issues regarding recovery under the Washington Consumer Protection Act ("Act") were not presented to the district court at trial. Pettit did not prove bad faith by Commercial Union and never established any liability that Commercial Union might have to Pettit under the Act. Pettit never proved that Commercial Union engaged in unfair or deceptive acts or practices. Therefore, the district court's denial of Pettit's claim for attorney's fees under the Act was proper.
 
 
 10
 Finally, as discussed below, Pettit is now collaterally estopped from litigating the issue of Commercial Union's bad faith or unfair or deceptive acts.[1]
 
 F. Collateral Estoppel
 
 11
 Pettit stipulated that all claims by all parties were dismissed with prejudice, except for its claim for attorney's fees against Commercial Union. In order for Pettit to recover attorney's fees under Olympic Steamship or the Washington Consumer Protection Act, Pettit would have to prove that Commercial Union was liable under the insurance contract or otherwise at fault. All issues regarding Commercial Union's liability or fault under the insurance contract were dismissed with prejudice by the stipulated agreements. Therefore, Pettit is collaterally estopped from litigating any of these issues. See Harris v. Washington, 404 U.S. 55, 56 (1971); Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir.1986); Citibank, N.A. v. Data Lease Financial Corp., 904 F.2d 1498, 1504 (11th Cir.1990).
 
 
 12
 AFFIRMED.
 
 
 
 *
 Honorable Fern M. Smith, United States District Judge for the Northern District of California, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Pettit also makes a claim that it is entitled to recover attorney's fees based on theories of indemnity. These issues were not raised before the district court and have therefore been waived