68 P.3d 1093 (2003)
Oberdah F. MANTEUFEL, a single person, Appellant,
v.
SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corp., and Clarke, Bovingdon, Cole, Mills & Lether, P.C., a Washington Professional Corp. and Rick and Jane Doe Wathen, and their Marital Community, Respondents.
No. 28653-0-II.
Court of Appeals of Washington, Division 2.
April 23, 2003.
Publication Ordered May 13, 2003.
*1095 Robert Vernon Brown, Attorney at Law, Bellevue, WA, for Appellant.
Rick J. Wathen, Attorney at Law, Seattle, WA, for Respondent.
*1094 HUNT C.J.
Oberdah Manteufel appeals the trial court's summary judgment dismissal of his lawsuit against his insurer SAFECO's attorney, Rick Wathen, Wathen's wife, and Wathen's private law firm. Manteufel also appeals the trial court's imposition of sanctions against him for filing a frivolous lawsuit, denial of his motion to strike certain exhibits, and denial of his motion to continue the summary judgment motion. Finding no error or abuse of discretion, we affirm.

FACTS

I. CLAIM FOR FIRE-DAMAGED PIANO
A fire at Manteufel's home damaged his 1876 Steinway Centennial Concert Grand piano, which he had purchased years earlier for $15,000. Manteufel submitted a claim for the piano and proof of loss to his insurer, SAFECO. SAFECO began adjusting the claim after receiving the proof of loss. Manteufel later discovered more damage to the piano and amended his proof of loss to claim $900,000 in damages.
SAFECO retained Doug Wood to produce an estimate for the cost to repair the piano. Wood, a registered piano technician and the primary local technical service contact for the Steinway company, examined the piano, took photographs, made findings about the damage to the piano, and opined that the piano was fully restorable. Based on his findings, Wood contacted several piano restoration services to obtain repair estimates, including the Steinway & Sons Restoration Center. Steinway & Sons prepared a restoration bid to repair the piano for $37,025, plus $2,000 as the estimated cost of transporting the piano. SAFECO issued a check to Manteufel for $39,025 to pay for the piano's repair and transport. Manteufel cashed the check.
Manteufel then disputed the amount SAFECO had paid him, sought an "advocated" appraisal under the insurance policy,[1] *1096 and retained counsel. Manteufel's counsel immediately advised SAFECO by letter that (1) SAFECO could communicate with Manteufel only through his counsel; and (2) Manteufel demanded the advocated appraisal process, which required both parties to select appraisers. Manteufel named James Goodman as his chosen appraiser. SAFECO named Doug Wood as its appraiser. When Manteufel objected to Wood, SAFECO named another appraiser, Steve Brady. Manteufel then objected to Brady and reiterated his demand that the appraisal be advocated.
SAFECO retained counsel, Rick Wathen, who advised Manteufel that any further communication should be directed to him. But Manteufel ignored this request and the Rules of Professional Conduct (RPC) 4.2 and communicated directly with SAFECO over a period of several months.
In an attempt to meet the policy's appraisal provision, SAFECO filed a motion in superior court for selection of an umpire. Claiming a scheduling conflict, Manteufel opposed the hearing date and refused to offer an alternate date. SAFECO advised Manteufel that it would close its file because he was refusing to cooperate.

II. LAWSUIT
Some nineteen months[2] after the loss, Manteufel sued SAFECO; he later joined SAFECO's attorney, Rick Wathen; Wathen's wife; and Wathen's law firm, Clarke, Bovingdon, Cole, Mills & Lether, P.C, as additional defendants. Manteufel alleged that SAFECO had violated the Consumer Protection Act (CPA), that SAFECO and Wathen had acted in "bad faith" in directing him to conduct all communication with SAFECO through Wathen, and that Wathen had wrongfully adjusted the claim in place of the insurer.
Wathen moved for summary judgment. Manteufel moved to continue, claiming to need more time for discovery. The trial court denied Manteufel's motion to continue because he had failed to set forth sufficient justification. Before the summary judgment hearing, SAFECO gave Manteufel three opportunities to dismiss Wathen, Wathen's wife, and Wathen's lawfirm. Manteufel declined. At the summary judgment hearing, Manteufel moved to strike certain exhibits. The court denied the motion. The trial court granted summary judgment and dismissed Manteufel's claims against Wathen, his wife, and his law firm.[3] Manteufel then claimed, for the first time, that SAFECO's counsel, Wathen, was never served and, therefore, the trial court lacked jurisdiction over him.
The trial court ruled that SAFECO could present a motion for attorney fees and sanctions under CR 11 and RCW 4.84.185. SAFECO filed a motion for CR 11 sanctions and attorney fees. The trial court received and heard Manteufel's objections to imposition of sanctions. Following a hearing on the issue of sanctions, the trial court awarded sanctions to SAFECO in the amount of attorney fees SAFECO had expended defending Wathen against Manteufel's frivolous lawsuit.

ANALYSIS

I. GRANT OF SUMMARY JUDGMENT
Engaging in the same inquiry as the trial court, we review a grant of summary judgment de novo. Benjamin v. Wash. State Bar Ass'n, 138 Wash.2d 506, 515, 980 P.2d 742 (1999). Summary judgment is appropriate where there are no genuine issues of material facts and the moving party is entitled to judgment as a matter of law. Clements v. Travelers Indem. Co., 121 Wash.2d 243, 249, 850 P.2d 1298 (1993). Here, SAFECO's attorney, Wathen, is so entitled.
We reject Manteufel's argument that Wathen violated Washington's Consumer Protection Act and acted in bad faith. The case that he offers in support of his argument, Gould v. Mutual Life Insurance Co. of New York, 37 Wash.App. 756, 683 P.2d 207 (1984), does not allow an insured to bring an *1097 action against the insurance company's attorneys, as Manteufel contends. Furthermore, our Supreme Court overruled Gould in Haberman v. Washington Public Power Supply System, 109 Wash.2d 107, 744 P.2d 1032 (1987), in which it expressly held that Washington law does not allow claims against attorneys under the CPA, and specifically does not allow claims directed at an attorney's competency or strategy. Haberman, 109 Wash.2d at 169, 750 P.2d 254.
Accordingly, the trial court followed the clear law of this state in granting summary judgment to Walthen and dismissing Mantuefel's action against him, his wife, and his law firm for Wathen's actions as SAFECO's attorney in trying to resolve Manteufel's claim of loss for the piano.

II. OFFERED EXHIBITS
Manteufel next contends that in granting Wathen's motion for summary judgment, the trial court improperly considered "certain" exhibits. He then fails to specify what exhibits were improper and, instead, simply suggests that many assertions were unsupported by affidavit or declaration.[4] Nor does he clarify his objection in his assignments of error and issues pertaining thereto. Therefore, under RAP 10.3(g), we will not consider this issue. See also Goehle v. Fred Hutchinson Cancer Research Center, 100 Wash.App. 609, 620, 1 P.3d 579, review denied, 142 Wash.2d 1010, 16 P.3d 1263 (2000).

III. MOTION FOR CONTINUANCE
We review a trial court's denial of a CR 56(f) motion for continuance for manifest abuse of discretion. Molsness v. City of Walla Walla, 84 Wash.App. 393, 400, 928 P.2d 1108 (1996). Such discretion is not abused if (1) the requesting party does not offer a good reason for the delay in obtaining the desired evidence; (2) the requesting party does not state what evidence would be established through the additional discovery; or (3) the desired evidence will not raise a genuine issue of material fact. Turner v. Kohler, 54 Wash.App. 688, 693, 775 P.2d 474 (1989).
But Manteufel met none of the above prerequisites to support his motion for continuance.[5] Rather, he asserted only his need for more time for discovery so that he could respond to Wathen's "early" motion for summary judgment, filed one month after Manteufel amended his complaint. Instead of stating what evidence he might obtain through additional discovery, he mentioned simply that he needed to gather information from unwilling witnesses and wanted to depose two members of Wathen's law firm. Most critically, however, Manteufel presented nothing to suggest that the desired evidence would raise a genuine issue of material fact so as to defeat summary judgment.
We find no abuse of discretion in the trial court's denial of Manteufel's unsubstantiated motion for continuance.

IV. SANCTIONS
Civil Rule 11 allows the trial court to impose sanctions, including reasonable expenses and attorney fees incurred because of the filing of a frivolous lawsuit. We will not disturb the trial court's award of such sanctions absent a showing of abuse of discretion. Clarke v. Equinox Holdings, Ltd., 56 Wash. App. 125, 132, 783 P.2d 82, review denied, 113 Wash.2d 1001, 777 P.2d 1050 (1989).
The filing of a lawsuit is subject to sanctions if three criteria are met: (1) The action was not well grounded in fact; (2) it was not warranted by existing law; and (3) the attorney signing the pleading has failed *1098 to conduct a reasonable inquiry into the factual or legal basis of the action. Doe v. Spokane and Inland Empire Blood Bank, 55 Wash.App. 106, 110, 780 P.2d 853 (1989). All three criteria are met here.
In deciding whether to impose sanctions, the court should evaluate a party's prefiling investigation by inquiring what was reasonable for the attorney to have believed at the time he filed the complaint. Biggs v. Vail, 124 Wash.2d 193, 197, 876 P.2d 448 (1994). Here, reasonable legal and factual research would have revealed that (1) the main case on which Manteufel relied, Gould, does not support his proposition that a party can sue opposing attorneys hired by an insurance company; (2) Gould was not a correct statement of applicable law because it had been overruled in Haberman,[6] in which the Court held that the CPA does not allow lawsuits against an attorney on grounds of competency to practice law or legal strategy; and (3) Manteufel's action was not well grounded in fact.
Had Manteufel carefully reconstructed the facts, he would have known that SAFECO retained counsel only after adjusting his claim and paying him for his loss in 1999. SAFECO did not hire Wathen's law firm until much later in the process, namely in October 2000. Thus, it was frivolous for Manteufel to argue that Wathen had adjusted Manteufel's claim when that was factually impossible.
Moreover, even after Manteufel failed to perform reasonable investigation, he ignored (1) Wathen's warning that his arguments had no factual or legal basis, and (2) SAFECO's request to dismiss Wathen, his wife, and his law firm from the lawsuit.[7] The frivolousness of Manteufel's suit would have been clear to Manteufel had he simply read the cases Wathen provided.
After determining that sanctions are appropriate, the trial court must limit attorney fees to the amount reasonably expended in response to the sanctionable claims. Biggs, 124 Wash.2d at 201, 876 P.2d 448. Here, Wathen offered into evidence attorney Mark Edward Mills' declaration to show the amount of attorney fees that SAFECO had paid to defend Wathen, his wife, and his law firm against Manteufel's frivolous claims. The declaration showed that Wathen's law firm had billed SAFECO $8,076.47 for this work from July 31 through December 5, 2001; the trial court awarded the requested amount. See Koch v. Mut. of Enumclaw Ins., 108 Wash.App. 500, 510-11, 31 P.3d 698 (2001), review denied, 145 Wash.2d 1028, 42 P.3d 974 (2002). The record does not support Manteufel's contrary assertion that this attorney fee award resulted in double payment of attorney fees.
Manteufel also asserts that awarding attorney fees under RCW 4.84.185 was in error. Even assuming, without deciding, that the trial court's award of attorney fees under RCW 4.84.185 was untimely, the trial court's award of attorney fees under CR 11, which has no time limitation, was not in error.
We find no abuse of discretion in the trial court's imposition of sanctions, including the amount, against Manteufel to compensate SAFECO for expenses it incurred in defending Wathen against this lawsuit.

V. ATTORNEY FEES ON APPEAL
We deny Manteufel's request for attorney fees on appeal under RAP 18.9(a). He not only filed a frivolous, sanctionable lawsuit below, but also he has not prevailed on appeal.
We grant Wathen's request for attorney fees under RAP 18.9(a) on behalf of himself, *1099 his wife, and his law firm. Not only has Wathen prevailed on appeal, but also Manteufel's appeal caused the defendants to incur additional legal fees and costs in defending against this frivolous lawsuit on appeal.
Furthermore, as was the case with his action below, Manteufel's appeal is frivolous in that it relies on case law that does not support his position and has been overruled; moreover, he ignored Wathen's attempts to bring this blatant defect to his attention at an earlier stage in the litigation, before Wathen incurred more attorney fees and related expenses. Therefore, we award Wathen additional attorney fees and expenses incurred in this appeal in an amount to be set by a commissioner upon compliance with RAP 18.9(a).
Affirmed.
We concur: MORGAN and ARMSTRONG, JJ.
NOTES
[1] The insurance policy provides for appraisal as the method for resolving valuation disputes. If the insurer and the insured fail to agree on the cash value or amount of loss, either can demand a determination by appraisal, whereby each party selects a competent, independent appraiser; these two appraisers then select an umpire, who determines the value.
[2] The insurance policy allows a suit to be brought against the insurer within one year of the loss. RCW 48.18.200 authorizes this policy provision.
[3] SAFECO did not join in Wathen's motion for summary judgment.
[4] Manteufel basically objected to every exhibit because he believed that the exhibits were not authenticated or certified as true, including his own statement about the purchase price he had paid for the piano. But the record shows that Wathen attached sworn declarations from witnesses to verify all exhibits. The trial court listened to Manteufel's objections and denied the motion to strike the exhibits.
[5] Manteufel also complains that the trial court did not accept his timely filed declaration with his motion for continuance. But a CR 56 motion allows a court to consider only evidence admissible at the time of trial. Because Manteufel's counsel could not testify at trial, this evidence was inadmissible. See RPC 3.7 and RCW 5.60.060(2).
[6] See also Demopolis v. Peoples Nat'l Bank of Wash., 59 Wash.App. 105, 107, 119, 796 P.2d 426 (1990) (plaintiff filed CPA claim against bank's attorney, challenging competency and strategy, concerning litigation over plaintiff's father's estate); Quinn v. Connelly, 63 Wash.App. 733, 736, 821 P.2d 1256 (1992).
[7] During oral argument on various motions on August 31, 2001, Wathen's law firm provided Manteufel with copies of relevant authority regarding the filing of frivolous claims. Manteufel received another letter from Wathen's law firm informing him again of the frivolousness of his claims on September 7. The letter represented the third attempt made by Wathen's law firm to encourage Manteufel to mitigate sanctions. Yet, he proceeded with litigation.