
IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 38036-0-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ANTHONY PARKS, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

SIDDOWAY, C.J. — Anthony Parks appeals a trial court order that granted in part his motion for relief from legal financial obligations (LFOs) imposed by a 2007 judgment and sentence. In the interest of conserving judicial resources, we convert the motion to a personal restraint petition (PRP) and dismiss it as untimely. We need not address the State's demonstration that Mr. Parks's appeal is moot where he received all the relief the court could provide.

FACTS AND PROCEDURAL BACKGROUND

In 2007, Anthony Parks, who had no criminal history, was convicted of second degree rape. He received an indeterminate sentence of 78 months to life, and was ordered to pay $900 in LFOs consisting of a $500 victim assessment fee, a $100 DNA (deoxyribonucleic acid) collection fee, a $100 crime lab fee, and $200 in court costs. His

judgment and sentence was affirmed on direct appeal. *See State v. Parks*, 190 Wn. App. 859, 363 P.3d 599 (2015).

In January 2021, Mr. Parks, proceeding pro se, filed a handwritten motion with the superior court that he styled as a motion to modify or correct his judgment and sentence "pursuant to [CrR] 7.8." Clerk's Papers (CP) at 9. Citing *State v. Blazina*, 182 Wn.2d 827, 344 P.3d 680 (2015), he argued that he has at all times been indigent and his sentencing court failed to conduct an individualized inquiry into his ability to pay LFOs. He argued that *Blazina* constituted a significant change in the law that should overcome application of the time bar provided by RCW 10.73.090.

Mr. Parks also asked the court to consider RCW 10.01.160, the remission statute, and argued that "a defendant may at any time petition the sentencing court for remission." CP at 10. He asserted that payment of the LFOs "will impose a manifest hardship on both the defendant and his family," but without elaborating on why it would impose a manifest hardship. *Id.*

Shortly after the filing of Mr. Parks's motion, without setting a hearing, the superior court ruled on the motion in a one-page order that appears to be the court's own form. The caption identifies the order as one to "WAIVE or REDUCE LFO'S (in part)." CP at 13. The court denied Mr. Park's request for a hearing, but found:

> The Defendant has demonstrated his indigency with previous affidavits in the Court file. The Court finds him indigent and waives the LFO's that the Court has discretion to waive. The Court will not waive the LFO's the

> Court does not have discretion to waive, which are the victim fee and DNA fee. The Defendant has not provided any evidence that he has been previously ordered to have DNA collected under a prior conviction.

CP at 13. The court's order granted what it characterized as Mr. Parks's "request to waive" the remaining balance of the $200 filing fee and $100 crime lab fee and denied his "request to waive" the $500 victim fee and $100 DNA fee. *Id.*

Mr. Parks appealed. He also moved for an order of indigency, seeking the expenditure of public funds for his appeal. When the superior court ordered payment of the appellate filing fee and a copy of the clerk's papers at public expense but did not order appointment of counsel, he filed an objection with this court. A commissioner of this court denied his objection, explaining that public funding of appellate review involving merely financial obligations is not mandated to protect a fundamental liberty interest. Comm'r's Ruling, *State v. Parks*, No. 38036-0-III (Wash. Ct. App. June 21, 2021) (on file with court).

Mr. Parks did not file a motion to modify. He proceeded with the appeal pro se.

ANALYSIS

Mr. Parks makes three assignments of error. He argues first, that under CrR 7.8(c)(3), he was entitled to a hearing. He next argues that the trial court erred in refusing to order appointment of counsel at public expense. His final argument is that the trial court should have struck all his LFOs.

His second argument—that he was entitled to the appointment of counsel—has already been decided. Mr. Parks did not move under RAP 17.7 to modify the ruling of our court commissioner, so it is the final decision of this court. *Gould v. Mut. Life Ins. Co. of New York*, 37 Wn. App. 756, 758, 683 P.2d 207 (1984).

We resolve his other two assignments of error by converting his motion to a PRP and dismissing it as untimely.

CrR 7.8, dealing with relief from a judgment or order, provides that the superior court "shall" transfer a motion filed by a defendant to the Court of Appeals for consideration as a personal restraint petition unless the court determines that the motion is not barred by the one-year time limit provided by RCW 10.73.090 and either (i) the defendant has made a substantial showing that they are entitled to relief or (ii) resolution of the motion will require a factual hearing. CrR 7.8(c)(2).

The trial court did not transfer Mr. Parks's case to us as a PRP, nor did it determine that the motion was timely filed. Instead, the trial court did what it might reasonably have viewed as a favor to Mr. Parks: disregarding his collateral attack, it treated his motion as one for waiver and relieved him of his two discretionary LFOs.

When a trial court does not transfer an untimely collateral attack to this court as required by the rule, we have authority in the interest of judicial economy to convert it to a PRP rather than remand it to the superior court only to have it transferred back to us. *State v. Smith*, 144 Wn. App. 860, 863, 184 P.3d 666 (2008). This court has declined to

convert such a motion if it will infringe on a defendant's right to file his own first PRP, *see id.*, but as the State points out, Mr. Parks is already subject to the successive petition statute, having filed multiple PRPs in the past.[1]

Mr. Parks's motion should have been transferred to us as untimely. RCW 10.73.090(1) provides that a petitioner must file a PRP no later than "one year after the judgment becomes final if the judgment and sentence is valid on its face and was rendered by a court of competent jurisdiction." Mr. Parks argues that the one-year time limit is not a bar because *Blazina* represents a significant change in the law. Our Supreme Court rejected that argument in *In re Personal Restraint of Flippo*, 187 Wn.2d 106, 111-12, 385 P.3d 128 (2016), however, in which it held that "*Blazina* is firmly rooted in the plain statutory language of RCW 10.01.160(3)" and was "simply a directive to the courts, clarifying how to fully comply with RCW 10.01.160(3); it did not change anything about the meaning of that statute or any other material provision of law." (The Court further held in *Flippo* that the lack of the individualized inquiry required by RCW 10.01.160(3) does not render the judgment and sentence facially invalid for purposes of RCW 10.73.090(1)).

---

[1] *See, e.g.*, Order Dismissing Pers. Restraint Pet., *In re Pers. Restraint of Parks*, No. 35149-1-III (Wash. Ct. App. July 3, 2017) (dismissed as frivolous); Order Dismissing Pers. Restraint Pet., *In re Pers. Restraint of Parks*, No. 36667-7-III (Wash. Ct. App. June 5, 2019) (dismissed as untimely); Order Dismissing Pers. Restraint Pet., *In re Pers. Restraint of Parks*, No. 36890-4-III (Wash. Ct. App. Aug. 13, 2019) (dismissed as untimely); Order Dismissing Pers. Restraint Pet., *In re Pers. Restraint of Parks*, No. 36957-9-III (Wash. Ct. App. Nov. 15, 2019) (dismissed as untimely) (on file with court).

No. 38036-0-III
*State v. Parks*

Because Mr. Parks's motion was untimely under RCW 10.73.090, it should have been transferred to this court for consideration as a PRP with no right for a hearing. We convert the motion to a PRP and dismiss it as time barred.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Siddoway, C.J.

WE CONCUR:

_____
Fearing, J.

_____
Pennell, J.

6